LAMKIN IP DEFENSE
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 304
Sausalito, CA 94965
916.747.6091
RDL@LamkinIPDefense.com

*Attorney for Defendant*
*Garmin International, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Philips North America, LLC, | ) | Case No. 2:19-cv-06301-AB (KSx) |
| | ) | |
| Plaintiff, | ) | **DEFENDANT GARMIN** |
| | ) | **INTERNATIONAL, INC.'S** |
| v. | ) | **ANSWER, AFFIRMATIVE** |
| | ) | **DEFENSE, AND** |
| | ) | **COUNTERCLAIM** |
| Garmin International, Inc., Garmin USA, | ) | |
| and Garmin LTD | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GARMIN INTERNATIONAL, INC.'S ANSWER, AFFIRMATIVE DEFENSE, AND COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure ("Rule") 8(b), Defendant Garmin International, Inc. ("Garmin") waives service of process by this appearance, answers Plaintiff's Complaint, Dkt. No. 1, and asserts its affirmative defense and counterclaim. The moniker "Garmin" specifically excludes Defendants Garmin USA, Inc. and Garmin Ltd. Garmin USA and Garmin Ltd. have not been served, do not waive service, contest jurisdiction and venue, and take no part in this Answer.

Garmin objects that the great bulk of Philips' Complaint violates Rules 8(a)

and 10(b).  Garmin has made a good faith attempt to answer the factual allegations in Philips' Complaint but herein objects that nearly each paragraph is not "limited as far as practicable to a single set of circumstances".  Fed.R.Civ.P 10(b).

## NATURE OF THE ACTION

1.     Garmin admits that Plaintiff Philips North America, LLC ("Philips") brings this action.  Garmin denies infringement and that an injunction is proper.

2.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

3.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

4.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

5.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

6.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

7.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

8.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

9.     Garmin admits that it was founded in 1989 as ProNav, Inc. and that it

offered devices for navigation, including GPS-based products.  Denied as to the other allegations in this paragraph.

10.     Admit that Philips has tried to persuade Garmin to take a license to some of its patents since 2016.  Denied as to the other allegations in this paragraph.

## PARTIES

11.     Garmin admits that the Patents-in-Suit relate, in the most general sense, and partially divorced from the language of the claims, to GPS/audio athletic training, security mechanisms for transmission of personal data, connected wearable/online products, and [the] handling of interrupted connections.  As to the remaining allegations in this paragraph, Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

12.     Admitted.

13.     Garmin USA has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, Garmin USA has no place of business in this District.

14.     Admit.

15.     Garmin USA has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, Garmin USA has no place of business in this District.

16.     Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, admitted as to the place of business except that the address is "Mühlentalstrasse 2".  Denied as to "many leadership decisions".

17.     Admitted.

18.     Garmin admits that it sells the Accused Products, and that some or all of those products are used by athletes, employ GPS, and security measures.  As to

the remainder of the allegations in this paragraph, denied.

**JURISDICTION AND VENUE**

19.     Garmin admits that this is an action under the patent laws.  Garmin admits that subject matter jurisdiction is proper in this District with the exception of the '958 Patent.  Philips appears to lack standing to assert the '958 Patent and, as such, this Court does not have subject matter jurisdiction to adjudicate infringement of the '958 Patent.  Neither Garmin USA nor Garmin Ltd. has made an appearance in this matter and neither of them answers any allegations in Philips' Complaint.

20.     Garmin admits that personal jurisdiction as to it is proper in this District.  Garmin denies that it has committed acts of infringement in this District. Neither Garmin USA nor Garmin Ltd. has made an appearance in this matter and neither of them answers any allegations in Philips' Complaint.  Garmin answers and makes clear that this Court does not have jurisdiction over Garmin Ltd. or Garmin USA.

21.     Garmin denies that any software engineering in Goleta relates to any of the Accused Products.

22.     Garmin USA has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, denied.

23.     Garmin denies that any software engineering in Diamond Bar relates to any of the Accused Products.

24.     Garmin USA has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, denied.

25.     Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, denied.

26. Denied.

27. Jurisdiction over Garmin is proper in this District.  Garmin Ltd. and Garmin USA have not been served, are not subject to the jurisdiction of this Court, and are not responding herein.  Garmin answers that, to its knowledge, denied as to both entities.

28. Denied.

29. Admitted.

30. Admitted.

31. Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, denied.

32. Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, denied.

33. Admit that Garmin makes and sells the software in the Accused Products.  Admit that Garmin owns some or all of the software once sold to the consumer; the consumer obtains and End User License Agreement.  Garmin denies infringement.

34. Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein.  Garmin answers that, to its knowledge, some executives overlap, and some may have some level of awareness.  Currently, Garmin lacks knowledge as to each executive's "awareness" and therefore currently denies same.

35. Denied except as to Garmin International, Inc.

36. Garmin admits that venue is proper over it.  Garmin Ltd. and Garmin USA have not been served, are not subject to the jurisdiction of this Court, and are not responding herein.  Garmin answers that, to its knowledge, denied.

37. Admitted as to Garmin International, Inc.

38. Garmin Ltd. has not been served, is not subject to the jurisdiction of this Court, and is not responding herein. Garmin answers that, to its knowledge, denied as jurisdiction is not proper.

39. Admitted as to Garmin International, Inc.

40. Denied.

## FACTUAL BACKGROUND

### Philips Background and Innovation Leadership

41. Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

42. Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

43. Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

44. Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

### Garmin Background and Infringement

45. Admit except deny that all Accused Products measure blood oxygen content.

46. Admit.

47. Garmin admits that Philips contacted it in 2016 and admits that Garmin has refused to take a license to Philips' patents. Garmin has a release to Philips' European counterpart to the '007 Patent. Garmin denies infringement. As to other licensees, Garmin lacks knowledge of and therefore denies same.

### Accused Products

48. Garmin International, Inc admits that it sells fitness trackers in the United States. Garmin International, Inc denies that said products infringe the

Patents-in-Suit.

49.     Garmin International, Inc. admits that it sells fitness trackers in the United States, including this District.  Garmin International, Inc. denies that said products infringe the Patents-in-Suit.

50.     Garmin International, Inc. admits that its ships products into this District.

51.     Admit.

## Patents-in-Suit

52.     Denied.

53.     Garmin denies that the Patents-in-Suit are derived from Philips' efforts; each was acquired from a third party.   Garmin denies that Philips' claims can be read so broadly as stated in this paragraph.

54.     Denied.

## U.S. Patent No. 6,013,007

55.     Garmin denies that the '007 Patent was duly and legally issued.  As to the remaining allegations, admitted.

56.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

## U.S. Patent No. 7,088,233

57.     Garmin denies that the '233 Patent was duly and legally issued.  As to the remaining allegations, admitted.

58.     Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

## U.S. Patent No. 8,277,377

59.     Garmin denies that the '377 Patent was duly and legally issued.  As to the remaining allegations, admitted.

60.     Garmin lacks knowledge or information sufficient to form a belief

about the truth of the allegations in this paragraph and therefore denies same.

## U.S. Patent No. 6,976,958

61.    Garmin denies that the '958 Patent was duly and legally issued.  As to the remaining allegations, admitted.

62.    Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

## Garmin's Knowledge of Infringement

63.    Garmin admits knowledge of the Patents-in-Suit.  Garmin denies infringement and willful infringement.

64.    Admit as to the '007 and '233; denied as to the '377 and '958.  Garmin denies that Mr. Pemble is a founder of Garmin.

## COUNT 1

## INFRINGEMENT OF US PATENT NO. 6,013,007

65.    Admit.

66.    Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

67.    Denied.

68.    Admit that Garmin customers can access any Garmin account and apps that are designed to work with their purchased product.  Denied that the consumers actions are directed or controlled by Garmin.  Admit that Garmin advertises some benefits for some products.  As to remaining allegations, denied.

69.    Denied.[1]

70.    Denied.

---

[1] Again, and as greatly exemplified in these paragraphs, the great bulk of Philips' Complaint violates Rules 8(a) and 10(b).  Garmin has made a good faith attempt to answer the factual allegations in Philips' Complaint but herein objects that nearly each paragraph is not "limited as far as practicable to a single set of circumstances". Fed.R.Civ.P 10(b).

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Admit.

81.   Denied.

82.   Denied.

**COUNT II**

**INFRINGEMENT OF PATENT NO. 7,088,233**

83.   Admit.

84.   Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

85.   Denied.

86.   Admit that Garmin customers can access any Garmin account and apps that are designed to work with their purchased product.  Denied that the consumers actions are directed or controlled by Garmin.  Admit that Garmin advertises some benefits for some products.  As to remaining allegations, denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Admit.

99.   Denied.

100.   Denied.

## COUNT III

## INFRINGEMENT OF US PATENT NO. 8,277,377

101.   Admit.

102.   Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

103.   Denied.

104.   Admit that Garmin customers can access any Garmin account and apps that are designed to work with their purchased product.  Denied that the consumers actions are directed or controlled by Garmin.  Admit that Garmin advertises some benefits for some products.  As to remaining allegations, denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

## COUNT IV

## INFRINGEMENT OF US PATENT NO. 6,976,958

119.   Admit.

120.   Garmin lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies same.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

## DAMAGES

134.   Denied.

135.   As to marking, Garmin lacks knowledge or information sufficient to

form a belief about the truth of the allegations in this paragraph and therefore denies same.  Denied as to notice on 2/17/2016 as to each Patent-in-Suit.

## PRAYER FOR RELIEF

Garmin denies that Philips is entitled to any relief so requested.

························································································

## GARMIN'S AFFIRMATIVE DEFENSE

### AFFIRMATIVE DEFENSE 1: NON-INFRINGEMENT

### 35 U.S. Code § 282(b)(1)

1.      Garmin does not infringe any of the Patents-in-Suit.

2.      By way of example, as to asserted Claim 23 of the '007 Patent:

    a.      Claim 23 is a system claim.

    b.      An entity must make, use, or sell each limitation in a system claim to directly infringe.

    c.      Garmin does not put each element of the claim into service.

    d.      Garmin does not, for example, put into service modems.

    e.      Garmin does not, for example, put into service headsets.

    f.      Garmin cannot be an indirect infringer because Garmin does not control or benefit from each element of Claim 23.

    g.      Garmin does not, for example, demand that its customers use headsets.

    h.      Indeed, it is likely that few if any of Garmin's customers use headsets.

    i.      Garmin does not, cannot, infringe asserted Claim 23

3.      By way of a second example, the asserted claim of the '958 Patent requires monitoring of *a patient's* disease state or condition.

4.      None of the Accused Devices are used to monitor patients.

5.      Based on the strength of Garmin's non-infringement positions, largely

communicated to Philips previously, Philips should be liable for Garmin's costs and attorney's fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927.

## GARMIN'S COUNTERCLAIMS

### PARTIES, JURISDICTION, VENUE

1.     Counterclaim Plaintiff Garmin International, Inc. ("Garmin") is a Kansas corporation with two research and development facilities in this District.

2.     Garmin is a recognized innovator in the fields of navigation and athletic performance monitoring devices ("APMDs"), among other products.

3.     Garmin is among the top fitness tracker/APMD brands in the United States.

4.     Counterclaim Defendant Philips North America, LLC is a Delaware limited liability company whose business is focused on healthcare and patient monitoring.

5.     Philips does not have a leading APMD product; indeed, arguably does not sell an APMD.

6.     Philips cited Actiwatch is not a fitness tracker or APMD but instead "is designed to help you better understand a subject's daily activity and sleep/wake patterns in response to drug or behavioral therapies."[2]

7.     In fact, Philips' 2018 two hundred and twenty (220) page Annual Report doesn't even employ the word fitness *qua* fitness.[3]

8.     The two companies simply operate in different fields and their technologies are employed in different markets.

---

[2] http://www.actigraphy.com/solutions/actiwatch/actiwatch2.html
[3] The word "fitness" is used twice, once for fitness memberships for Philips' employees and once for "professional fitness".
https://www.results.philips.com/publications/ar18#/downloads

1    9.    This Court has subject matter jurisdiction over Garmin's counterclaims

2    pursuant to 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

3    10.    Both parties have submitted to the personal jurisdiction of this Court for

4    this matter.

5    11.    Neither party challenges venue for this action.

6    ### MATERIAL FACTS

7    ### *Garmin, Not Philips, Is The Actual Innovator*

8    12.    Philips alleges, "For more than 100 years, Philips has dedicated

9    significant resources to research and development for the advancement of technology

10   used around the world."  (Complaint, Dkt. No. 1, at ¶2.)

11   13.    But, all of the Patents-in-Suit were acquired by Philips from third parties.

12   14.    None of the Patents-in-Suit are a result of Philips' research and

13   development.

14   15.    Philips alleges, "Connected health technologies developed by Philips are

15   employed across the health continuum."  (Complaint, at ¶3.)

16   16.    But, none of the alleged inventions in the Patents-in-Suit were developed

17   by Philips.

18   17.    Philips alleges, "Philips continues to lead the development of

19   technologies that underpin connected health products including trackers." (*Id.*, at ¶5.)

20   18.    But, Philips did not develop the technologies that lead to the alleged

21   inventions in the Patents-in-Suit.

22   19.    Philips acquired the '958 Patent on July 18, 2019, three days before

23   Philips filed suit against Garmin.

24   20.    Philips acquired the '377 Patent on July 18, 2019, three days before

25   Philips filed suit against Garmin.

26   21.    Philips acquired the '007 Patent on July 18, 2019, three days before

27   Philips filed suit against Garmin.

28

22.    Philips acquired the '233 Patent on March 1, 2017 and recorded said assignment on July 18, 2019, three days before Philips filed suit against Garmin.

23.    Garmin has been manufacturing and selling the Accused Products years before Philips acquired the Patents-in-Suit.

24.    Philips' statements in its Complaint—suggesting that Philips, and not Garmin, is the innovator in the area of connected sports devices—is intentionally misleading.

***Philips Misrepresents The Interactions Between The Parties and Omits Material Facts Relating to the Invalidity of the Patents-in-Suit***

25.    Philips alleges, "For years, Philips has repeatedly offered to license rights in the Patents-in-Suit to Garmin, but Garmin has repeatedly refused to accept Philips' offers to license."  (Complaint, ¶10.)

26.    Philips' Complaint alleges that it provided notice to Garmin of each of the Patents-in-Suit.  That is not accurate.

27.    Philips has never mentioned half of the Patents-in-Suit to Garmin (*i.e.*, never mentioned the asserted '377 and '958 Patents to Garmin).

28.    Philips' Complaint omits that Garmin and Garmin (Europe) Limited were engaged in litigation in Europe with KONINKLIJKE PHILIPS N.V., the parent of Philips, over European Patent No. 1,076,806B1.

29.    EP1,076,806B1 is the PCT patent in the same family as the '007, claiming priority to the '007 Patent.

30.    The claims of the EP1,076,806B1 are indistinguishable from those of the '007 Patent.

31.    The text in this table represents Claims 1, 5, 26 and 27 of EP1,076,806B1 and asserted claims 1, 21 and 23 of the '007 Patent:

| EP1,076,806B1 | 6,013,007 |
|---|---|
| 1. A portable personal performance monitor for monitoring athletic performance when carried by an athlete, comprising | 1. A portable feedback System providing regular updates on an athlete's performance, comprising: |
| a global positioning system GPS receiver (604) for acquiring time-stamped geographical position data of the athlete, | a global positioning System GPS receiver that obtains a series of time-stamped waypoints; |
| Computing means (802) for conversion of said position data into athletic performance feedback data and | means for computing athletic performance feedback data from the series of time-stamped waypoints obtained by said GPS receiver; and |
| Presentation means (202, 605, 606) for presenting said feedback data to said athlete. | means for presenting the athletic performance feedback data to an athlete. |
| 27. Use as recited in any of claims 24 to 26, characterized in that said feedback system comprises an Internet website adapted to receive athletic performance feedback data from two or more athletes and display comparison data representing relative performance of said athletes. | [21] a modem for transmitting the athletic performance feedback data to a remote computer for comparison with athletic performance data of other athletes. |
| 5. A portable personal performance monitor as recited in any of claims 1 to 4, | 23. A system as recited in claim 21, further comprising a headset and an audio module for presenting the |

| EP1,076,806B1 | 6,013,007 |
|---|---|
| characterized by further comprising an audio headset (202) connected to receive said feedback data as audio input from said presentation means (606). | athletic performance feedback data over said headset. |

32.     Philips' Complaint omits that claims of the EP1,076,806B1 were invalidated in the European ("UK") action.  Attached as Exhibits A and B are true and correct copies of the UK Judgment and the European patent invalidated therein.

33.     Philips' Complaint omits that, in the UK action, KONINKLIJKE PHILIPS N.V admitted that the claims of EP1,076,806B1 were anticipated.

34.     Philips' Complaint omits that, in the UK action, KONINKLIJKE PHILIPS N.V accepted that claim 1 of the Patent was not only anticipated by, but also obvious, in the light of one of the prior art citations (Schutz Y and Chambaz A, "Could a satellite-based navigation system (GPS) be used to assess the physical activity of individuals on earth?", European Journal of Clinical Medicine (1997) 61, 338-339) ("Schutz").

35.     Philips' Complaint omits that the fitness trackers used in the 1997 Schutz study were Garmin trackers.

36.     Philips' Complaint omits the fact that Garmin GPS-based fitness trackers were widely used before the priority date of the earliest asserted patent (1998).

37.     Philips' Complaint omits that, in the UK action, KONINKLIJKE PHILIPS N.V's expert, Mr. Farringdon, was cross-examined about the CycleOps eTrainer system and accepted that it provided customized individual training plans, was adapted to receive athletic performance data from two or more athletes, display comparison data relating to those athletes, and facilitated virtual competitions via the Internet.

38.     Philips' Complaint omits that, in the UK action Justice Henry Carr found: "I do not accept that considering such a known solution for outdoor activity, in the context of a GPS-based APMD would have required any invention. Nor would the provision of means for verifying actual exercise activity. On the contrary, as the skilled person would have appreciated, the nature and technical characteristics of GPS data made it obvious to use for virtual competitions and verification of actual exercise activity. This, in my view, is supported not only by the evidence of Mr[.] McKnight, but also by the evidence of Mr Farringdon at [333] – [334] of his first report."

39.     ***Philips' Complaint omits that Justice Carr found that the very idea of asserted Claim 23 of the '007 Patent (audio performance feedback) was obvious: "the applicability of audio feedback to runners using a GPS-based APMD was obvious***." (Exhibit A, at ¶253.)

40.     And that said obvious determination was based on evidence from Garmin's fitness trackers (Schutz).

41.     Philips' Complaint omits that Garmin has provided detailed non-infringement and invalidity arguments to Philips over the past three years.

42.     All told, in the discussions between Garmin and Philips over the last three (3) years, Philips alleged that Garmin infringed seven (7) patents.

43.     Garmin supplied non-infringement and invalidity arguments as to each patent.

44.     Garmin invalidated the European counterpart of one of those patents (EP1,076,806B1) in January of this year.

45.     In its Complaint, Philips asserts but two (2) of the seven (7) patents discussed with Garmin, implicitly acknowledging that the assertion of at least five (5) of the seven (7) patents would have been meritless.

46.     In light of Justice Carr's express findings in the UK action, Philips' allegations are surprising, at best.  For example, the following allegations in the

Complaint are in direct contravention of Justice Carr's findings:

> a. "The claims of the '007 were not well known, routine, or conventional at the time of the invention, over twenty years ago, and represent specific improvements over the prior art and prior existing systems and methods." (Complaint, ¶72.)

> b. "At the time the inventions claimed in the '007 patent were conceived, there were no devices for determining athletic performance and providing athletic performance feedback utilizing time-stamped waypoints, providing comparison at a remote computer with data from other athletes, or providing athletic performance feedback over a headset. For example, outdoor runners were generally limited to wristwatches with built-in stop watches, heart rate monitors, or pedometers." (Complaint, ¶73.)

> c. "As such, as of the priority date of the '007 patent, there was no ready way for outdoor athletes to receive athletic performance feedback utilizing time-stamped waypoints, or to provide comparison at a remote computer with data of other athletes." (Complaint, ¶74.)

47. Philips' characterization, "For years, Philips has repeatedly offered to license rights in the Patents-in-Suit to Garmin, but Garmin has repeatedly refused to accept Philips' offers to license," is inconsistent with the facts and intentionally misleading.

## COUNTERCLAIM 1: INVALIDITY

48. Paragraphs 1-47 are incorporated by reference herein.

49. Each of the asserted claims are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112.

50. Justice Carr's factual and legal findings, Exhibit A, are incorporated by

1  reference herein.

2      51.    As for the '233 Patent, as explained to Philips previously, Garmin's own

3  products anticipate and/or render obvious the claims of the '233 Patent.

4      52.    Garmin explained to Philips on June 7, 2016: "Garmin's Dynastream

5  products described above had wireless transmitters and receivers that were paired to

6  communicate information.  Of course, Bluetooth sensors existed long before Menard's

7  filing date and these devices would have used the standard Bluetooth pairing method

8  of exchanging secure codes.  I've attached a May 1998 paper from Ericsson that

9  details the original Bluetooth pairing process."

10     53.    As for the asserted Quy patents, Philips knows the claims of those patents

11  are invalid.

12     54.    For example, Garmin explained the following to Philips in 2016: "Philips

13  reads this patent on fitness devices that can collect a health parameter from a generic

14  I/O port and transmit that parameter to a server.  This functionality was well known

15  before the filing of the Quy patent in December 1999.  Garmin's U.S. Patent Nos.

16  6,002,982 (Fry, 1996) and 5,955,667 (Fyfe, 1996) are two examples.   Delman

17  (WO2000078413) and Mault (WO2001039089) are two non-Garmin examples."

18     55.    Further, claims indistinguishable from the Quy claims asserted here have

19  already been invalidated by both the European and United States patent offices.

20     56.    Attached as Exhibit B and incorporated by reference herein is the

21  European Patent Offices ("EPO") affirmation of the invalidation of EP 1 247 229 B1.

22     57.    EP 1 247 229 B1 is the European patent arising from the US provisional

23  to which the asserted Quy patents claim priority.

24     58.    The EPO affirmed the invalidation of claims of EP 1 247 229 B1.

25     59.    Philips had the EPO decision in its possession prior to filing the

26  Complaint at-bar.

27     60.    Philips had in its possession Quy (US App No. 13/632,771) prior to filing

28

the Complaint at-bar.

61.   Philips had in its possession Mault (US Patent No. 6,790,178) prior to filing the Complaint at-bar.

62.   Philips had in its possession Lindberg (US Patent No. 7,069,552) prior to filing the Complaint at-bar.

63.   Philips had in its possession Dean (WO 99/41682) prior to filing the Complaint at-bar.

64.   The prior art cited *supra* render the asserted Quy claims anticipated and/or obvious.

65.   Philips was in possession of each of the above cited references (paragraphs 50-63) prior to filing its Complaint against Garmin.

66.   Philips should pay Garmin's costs and attorney's fees for asserting the Quy '377 and '958 Patent claims.

## JURY DEMAND

Garmin requests a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Garmin seeks the following relief:

- A determination of non-infringement as to all asserted claims of the Patents-in-Suit and all Accused Products;

- A determination that all asserted claims of the Patents-in-Suit are invalid as anticipated and/or obvious;

- An award of attorney's fees and costs pursuant to 35 US.C. § 285 and 28 US.C. § 1927.

///

///

///

August 7, 2019                          Respectfully submitted


                                        _Rachael D. Lamkin_
                                        _____

                                        Rachael D. Lamkin
                                        *Attorney for Defendant*


# CERTIFICATE OF SERVICE


On this date, August 7, 2019, Defendant Garmin International, Inc.'s Answer, Affirmative Defense, and Counterclaims, and exhibits thereto, was served upon Plaintiff using the Court's ECF system.


                                        _Rachael D. Lamkin_
                                        _____

                                        Rachael D. Lamkin