JEAN-PAUL CIARDULLO, CA Bar No. 284170
  jciardullo@foley.com
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: 213-972-4500
Facsimile: 213-486-0065

ELEY O. THOMPSON (*pro hac vice*)
  ethompson@foley.com
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312-832-4359
Facsimile: 312-83204700

*Attorneys for Plaintiff*
*Philips North America LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Philips North America LLC,<br><br>*Plaintiff*,<br><br>*vs.*<br><br>Garmin International, Inc.<br>Garmin USA, Inc. and Garmin Ltd.,<br><br>*Defendants*. | Case No. 2:19-cv-06301-AB-KS<br><br>**PHILIPS NORTH AMERICA LLC's NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Date: October 25, 2019<br>Time: 10:00AM<br>Crtrm: 7B (350 West First Street) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 25, 2019 at 10:00 AM, or as soon thereafter as the matter may be heard before Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Plaintiff Philips North America LLC ("Philips") will, and hereby does, respectfully move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Garmin International, Inc.'s ("Garmin") Counterclaim for patent invalidity (Dkt. 23, "Counterclaim").

The grounds for the Motion are that Defendant has improperly relied upon unidentified past statements and foreign patent proceedings to set forth its invalidity positions, neither of which plausibly state a claim under *Iqbal/Twombly*.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such other and further evidence as may properly be before this Court at the hearing on the Motion.

This Motion is made following the conference of counsel which took place on September 11, 2019.

DATED: September 18, 2019       **FOLEY & LARDNER LLP**

*/s/ Jean-Paul Ciardullo*
Jean-Paul Ciardullo
Eley O. Thompson
Lucas I. Silva
*Attorneys for Philips North America, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................. 1

II.     THE PLEADINGS ............................................................................... 2

        A.      Philips' Complaint .................................................................. 2

        B.      Garmin's Counterclaim ........................................................... 4

III.    APPLICABLE LAW ............................................................................ 5

IV.     ARGUMENT ...................................................................................... 6

        A.      Garmin's Counterclaim for Invalidity Under 35 U.S.C. §§ 101 and
                112 is Conclusory and Should Be Dismissed. .............................. 7

        B.      Garmin's Counterclaim for Invalidity Under 35 U.S.C. §§ 102 and
                103 Does Not State Relevant Facts to Plausibly Allege That Any
                Asserted Claim is Invalid. ......................................................... 8

V.      CONCLUSION ................................................................................. 11

4836-8301-4502.2

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**Cases**

*Application of Dulberg*,
  472 F.2d 1394 (Fed. Cir. 1973)..........................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662  (2007)..........................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................6

*Ecojet, Inc. v. Pure Spa Components, Inc.*,
  No. SACV 16-01463-CJC(KESx), 2017 WL 3485780 (C.D. Cal. Feb. 10, 2017).6, 7, 9

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. 2010) ..............................................................7

*Fontana Fasteners, Inc. v. Foremost Threaded Prods.*,
  No. ED CV 16-846-SJO(AJWx), 2016 WL 9459245 (C.D. Cal. Sep. 12, 2016) .......5, 6

*Heidelberger Druckmaschinen AG v. Hantscho Commercial Prods., Inc.*,
  21 F.3d 1068 (Fed. Cir. 1994)...........................................................................9

*In re Smith Int'l*,
  871 F.3d 1375 (Fed. Cir. 2017)..........................................................................8

*Juno Therapeutics, Inc. v. Kite Pharma*,
  No. CV 17-07639-SJO (RAOx), 2018 WL 1470594 (C.D. Cal. Mar. 8, 2018)..............7

*LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV 17-05824-AB (MRWx),
  2017 U.S. Dist. LEXIS 222674, at *8 (C.D. Cal. Dec. 14, 2017) ...............................5, 7

*Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*,
  730 F.2d 1452 (Fed. Cir. 1984)......................................................................2, 9

*Medtronic, Inc. v. Daig Corp.*,
  789 F.2d 903 (Fed. Cir. 1986) ...........................................................................1

*Personal Web Techs., LLC v. Apple, Inc.*,
  848 F.3d 987 (Fed. Cir. 2017)...........................................................................8

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.*,

2

No. 02-148 GMS, 2003 WL 22244704 (D. Del. Sep. 30, 2003) ................................... 10

*Sliding Door Co. v. KLS Doors, LLC,*
No. EDCV 13-00196 JGB (DTBx), 2013 WL 2090298 (C.D. Cal. May 1, 2013) ......... 7

*Summit 6, LLC v. Samsung Elecs. Co.,*
802 F.3d 1283 (Fed. Cir. 2015) ..................................................................................... 8

*Waddington N. Am., Inc. v. Sabert Corp.,*
No. 09-4883 (GEB), 2011 WL 3444150 (D.N.J. Aug. 5, 2011) ...........................*passim*

*Yujin Robot Inc. v. Synet Elecs., Inc.,*
No. CV 14-06237-SJO (ASx), 2015 WL 12781052 (C.D. Cal. Mar. 16, 2015) ............. 6

**Statutes**

35 U.S.C. §§ 101, 102, 103, 112 ............................................................................ 1, 4, 7,8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1,5

Fed. R. Evid. 401, 403 ................................................................................................... 10

PHILIPS MOTION TO DISMISS
CASE NO. 2:19-cv-06301-AB-KS

4836-8301-4502.2

Plaintiff Philips North America LLC ("Philips") respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Garmin International, Inc.'s ("Garmin") Counterclaim for patent invalidity (Dkt. 23, "Counterclaim").

# I.   <u>INTRODUCTION</u>

Garmin's sole invalidity Counterclaim is conclusory and lacking relevant facts to plausibly support invalidity.  With respect to asserted invalidity under §§ 101 and 112 of the Patent Statute, the sum total of Garmin's pleading is that "[e]ach of the asserted claims are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112."  (Dkt. 23 ¶49.)  Nothing more is stated regarding §§ 101 and 112.  No claims from the four asserted Philips patents are identified as being invalid, and no facts are pled.  The law is well-settled that recitations of statute sections are to be ignored when assessing the sufficiency of a pleading, given that they plead no facts necessary to support a plausible claim.  As with other pleadings independently invoking the jurisdiction of the court, invalidity counterclaims are subject to the requirements of *Iqbal* and *Twombly*, but Garmin ignored these requirements.

Relative to anticipation and obviousness under §§ 102 and 103, Garmin fails to identify a single claim from any of the four Philips patents even as a representative claim, and never applies any prior art item to any of Philips' patent claims.  Rather, Garmin's Counterclaim takes two improper approaches to pleading.

First, Garmin improperly tries to rely on alleged past "arguments" it purports to have made to Philips regarding invalidity.  However, Garmin does not identify any of the purported "arguments," rendering it impossible for Philips to know what Garmin is referencing or to test and evaluate their legal sufficiency.

Second, Garmin suggests that this Court should defer to foreign patent proceedings involving admittedly different patents with admittedly different claims asserted by Philips' parent company, Koninklijke Philips N.V.   But the results of unrelated foreign patent proceedings cannot state a claim under U.S. law.  *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 907-08 (Fed. Cir. 1986) (characterizing as "specious" the defendant's argument that the Court should "adopt the conclusion of a German tribunal holding the … German counterpart patent

obvious"); *Lindemann Maschinenfabrik GMBH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1458 n.2 (Fed. Cir. 1984) (finding it "meaningless" as to the issue of invalidity in the United States the fact that foreign counsel in a foreign counterpart allegedly conceded that prior art anticipated the foreign counterpart's claims). As one judge colorfully put it, a "**[f]oreign proceeding is not going to invalidate a U.S. patent, end of story**." *Waddington N. Am., Inc. v. Sabert Corp.*, No. 09-4883 (GEB), 2011 WL 3444150 at *7 (D.N.J. Aug. 5, 2011) (emphasis added).

In compliance with Section 7(a) of this Court's Standing Order, Philips offered Garmin the opportunity to amend its Counterclaim prior to the filing of this Motion, but Garmin declined even after Philips highlighted the deficiencies of the Counterclaim. (*See* accompanying Declaration of Jean-Paul Ciardullo, ¶ 2.) Accordingly, Garmin's Counterclaim should be dismissed since Garmin has declined to provide legally plausible arguments.

## II.   **THE PLEADINGS**

### A.   **Philips' Complaint**

Philips' Complaint stretches nearly fifty pages and outlines Garmin's infringement in great detail. For example, for U.S. Patent 6,013,007 (the "'007 patent"), Philips explains that Garmin's accused products compute athletic performance feedback data from a series of time-stamped waypoints obtained by a GPS receiver, present athletic performance feedback to an athlete, and compare performance data to the data of other athletes. *See* Dkt. 1 ¶¶ 69-70. The Complaint includes several images from Garmin websites illustrating Garmin's infringement and links showing the source of the information depicted. *Id.* The Complaint goes on to explain the state of the art at the time of inventions of the claims of the '007 patent, and some of the specific improvements provided by the claimed inventions. *Id.* ¶¶72-77.

Similarly, for U.S. Patent 7,088,233 (the "'233 patent"), the Complaint includes images from Garmin's website and product support pages illustrating the Accused Products' ability to govern the secure transmission of information between a wearable fitness tracking device and a smartphone or other device. *Id.* ¶¶ 87-88. The Complaint

also identifies problems in the prior art that were solved by the inventions of the '233 patent and explains why the patented improvements were inventive. *Id.* ¶¶ 90-96.

For U.S. Patent 8,277,377 (the "'377 patent"), Philips' Complaint again explains Garmin's infringement in detail, including that the Accused Products enable the user to receive exercise related information such as pace or distance traveled on his or her smartphone during exercise, that the Accused Products calculate a response, such as based on daily activity, exercise goals or other parameters, and they display the response on the smartphone using the Garmin mobile application. *See id.* ¶105. The Complaint further provides examples of this functionality from Garmin's website, including the Accused Products' ability to enable a user to create and manage weight goals, to mark laps, and to track overall cardiovascular fitness. *Id.* The Complaint goes on to identify the unique challenges in health monitoring that are addressed by the claims of the '377 patent, and it explains how the patented inventions represented a significant technological advancement in the performance of health monitoring devices. *Id.* ¶¶ 111-114.

Finally, for U.S. Patent 6,976,958 (the "'958 patent"), Philips' Complaint alleges that the Accused Products include an application running on a wireless web device (a mobile phone) that accepts inputs from a health monitoring device that correspond to a patient's disease state or condition, and include a wireless link to a network. *Id.* ¶122. In the event of an interruption of the wireless connection between the web device and server, the web device is configured to store information related to a health parameter in memory. *Id.* For infringement of the '958 patent, the Complaint again provides several images from and citations to Garmin's website and support pages outlining the accused functionality. *See id.* Again, the Complaint identifies specific improvements in health monitoring that are achieved by the claimed inventions and explains that the identified improvements represented significant technological innovations at the time of inventions of the '958 patent. *Id.* ¶127-29.

In addition, for each of the patents-in-suit Philips' Complaint provides the factual basis for Garmin's direct and indirect infringement of each asserted claims, as well as

3

Garmin's knowledge of the patents.  *See id.* ¶¶ 72-79, 90-97, 108-15, 125-30.

### B.   Garmin's Counterclaim

Garmin filed its Answer and Counterclaim on August 7, 2019.  (Dkt. 23.)  Garmin's Counterclaim – which consists of a single count seeking a declaration of invalidity as to all of Philips' asserted patents – alleges in conclusory fashion that "[e]ach of the asserted claims are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112."  *Id.* ¶49.

For §§ 101 (patent eligible subject matter) and 112 (written description/enablement), Garmin's Counterclaim consists entirely of the sentence quoted immediately above.  It provides no basis whatsoever to support a conclusion that any claim of any patent-in-suit is directed to subject matter that is not eligible for patenting, or that any claim lacks sufficient support in the specification.  Garmin's Counterclaim concerning these sections of the Patent Act does not even include a recitation of the elements of an invalidity claim under §§ 101 and 112.  It is limited to one conclusory statement that is facially deficient.

For §§ 102 (anticipation) and 103 (obviousness), Garmin's Counterclaim also does not provide facts to plausibly support the conclusion that any patent claim is anticipated by or obvious in view of any particular prior art reference or combination of references.  Rather, Garmin's Counterclaim instead concerns itself with paragraphs of background concerning the parties, their alleged innovations, and alleged previous "arguments."  (Dkt. 23 Counterclaim ¶¶1-27.)  For example, Paragraphs 41-43 state:

> 41. Philips' Complaint omits that Garmin has provided detailed noninfringement and invalidity arguments to Philips over the past three years.
>
> 42. All told, in the discussions between Garmin and Philips over the last three (3) years, Philips alleged that Garmin infringed seven (7) patents.
>
> 43. Garmin supplied non-infringement and invalidity arguments as to each patent.

Nowhere does Garmin's Counterclaim explain what any of these purported invalidity

PHILIPS MOTION TO DISMISS
CASE NO. 2:19-cv-06301-AB-KS

"arguments" are, and Philips cannot otherwise understand from the Counterclaim what Garmin is trying to reference.

Garmin's Counterclaim then makes various allegations concerning European litigation involving European Patent No. 1,076,806B1 ("European '806 patent"), including the allegation that the European '806 patent is in the same family as the U.S. '007 patent, and that the claims of the two patents are "indistinguishable" from one another, even though the quoted language conclusively demonstrates otherwise. (*See* ¶¶28-50.) Next, Garmin's Counterclaim alleges that Garmin has explained to Philips that the '233 patent and "the asserted Quy patents" are invalid, because general technology such as "wireless transmitters and receivers," Bluetooth, and "fitness devices that can collect a health parameter from a generic I/O port and transmit that parameter to a server" were in the prior art. *Id.* ¶¶51-55. Finally, Garmin alleges that European Patent No. 1,247,229B1 ("European '229 patent") claims priority to the same provisional application as the U.S. '377 and '958 patents-in-suit and was invalidated in Europe, and that several prior art documents were allegedly in Philips's possession when it filed the Complaint in this case. *See id.* ¶¶55-65. Garmin does not even attempt to relate the claims of the European '229 patent to the U.S. '377 and '958 patents or apply any prior art to the U.S. patent claims.

There are no facts supporting a plausible conclusion that any claim of any of the patents asserted in this case is invalid under United States law and procedure in view of any prior art reference or specified combination.

## III.   <u>APPLICABLE LAW</u>

The requirements of *Iqbal* and *Twombly* apply to counterclaims. Courts in this district have held that "[a] motion to dismiss a counterclaim **is subject to the same standard** as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Fontana Fasteners, Inc. v. Foremost Threaded Prods.*, No. ED CV 16-846-SJO(AJWx), 2016 WL 9459245, at *1 (C.D. Cal. Sep. 12, 2016) (emphasis added); *LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV 17-05824-AB (MRWx), 2017 U.S. Dist. LEXIS 222674, at *6-10 (C.D. Cal. Dec. 14, 2017) (Birotte, J.). The courts apply the pleading standards delineated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2007), to counterclaims. *See Ecojet, Inc. v. Pure Spa Components, Inc.*, No. SACV 16-

PHILIPS MOTION TO DISMISS
CASE NO. 2:19-cv-06301-AB-KS

4836-8801-4502.2

01463-CJC(KESx), 2017 WL 3485780, at *6 (C.D. Cal. Feb. 10, 2017) ("Counterclaims have failed to allege 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Yujin Robot Inc. v. Synet Elecs., Inc.*, No. CV 14-06237-SJO (ASx), 2015 WL 12781052, at *2 (C.D. Cal. Mar. 16, 2015) ("To plead sufficient facts, a party must proffer 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 547).

The plausibility standard is not met "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 663. "Pleadings that contain nothing more than legal conclusions or 'a formulaic recitation of the element of a cause of action' are insufficient." *Fontana Fasteners*, 2016 WL 9459245, at *1 (quoting *Iqbal*, 556 U.S. at 678).

## IV.   **ARGUMENT**

Philips' Complaint includes one count for each of the asserted patents: the '007 patent (Count I), the '233 Patent (Count II), the '377 patent (Count III), and the '958 patent (Count IV). In contrast, Garmin provides a single "Counterclaim 1: Invalidity." The pleading is a collection of general references to four sections of the Patent Statute (§§ 101, 102, 103 and 112) and certain foreign patents and proceedings. While certain items of alleged prior art are mentioned, they are never applied or related to even a representative claim of any of the asserted United States patents. Identification of an anticipatory reference to even a single claim is completely absent. Combinations of references for application to a Philips patent claim is nonexistent.

Instead, Garmin takes the legally incorrect position that invalidity is established on the basis of European proceedings involving different patents, different parties, different statutes, and different legal procedures. The proceedings are not the same, the way that patentability is determined is different (because the statutes underlying the determinations are different), and the rules of evidence are different and disfavored under U.S. law. Even the proceedings referenced by Garmin themselves note that "[t]he practice of the BGH [Bundergerichtschof – German court] or **any other national court is not relevant to the proceedings before the**

PHILIPS MOTION TO DISMISS
CASE NO. 2:19-cv-06301-AB-KS

4836-8801-4502.2

**EPO**."  See *See*, January 15, 2014 decision of the Opposition Division of the European Patent Office at pg. 14, section 7.5.1 (copy attached as Exhibit A to the accompanying Declaration filed herewith).  The converse is equally true.

Ultimately, Philips' patents are presumed to be valid, and it is Garmin that would bear the burden in this case to prove invalidity by clear and convincing evidence.  *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 803 F. Supp. 2d 409, 440 (E.D. Va. 2011) (citing 35 U.S.C. § 282).  It is thus proper that Garmin be required to state a plausible counterclaim if it is to satisfy the pleading standards.

A. **Garmin's Counterclaim for Invalidity Under 35 U.S.C. §§ 101 and 112 is Conclusory and Should Be Dismissed.**

As noted above, Garmin's invalidity claim concerning 35 U.S.C. §§ 101 and 112 consists of a single sentence stating that each of the asserted claims is invalid.  *See* Dkt. 23 ¶49.  Courts in this district have consistently held that such pleadings are insufficient to support a patent invalidity counterclaim.  *See Ecojet*, 2017 WL 3485780, at *6 (dismissing counterclaim that stated that the patent-in-suit was "invalid for failure to comply with one or more provisions of U.S.C. §101 et seq., including but not limited to §§102, 103, 112, 116, 132, 251 and/or 256"); *LF Centennial*, 2017 U.S. Dist. LEXIS 222674, at *8-10 (Birotte, J.) (dismissing conclusory invalidity counterclaim that merely pled the statute);  *Sliding Door Co. v. KLS Doors, LLC*, No. EDCV 13-00196 JGB (DTBx), 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (dismissing counterclaim that stated that "one or more claims of the [patent-in-suit] are invalid for failure to meet the requirements of patentability"); *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639-SJO (RAOx), 2018 WL 1470594, at *4-5 (C.D. Cal. Mar. 8, 2018) (same).  Once the conclusory statement is set aside as mandated by *Iqbal* and *Twombly*, there is nothing left in the counterclaim relative to §§ 101 or 112.  *See Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 915 (C.D. Cal. 2010) ("The Court may then identify and disregard any legal conclusions…")  And, this Court should dismiss as did other courts.

4836-8801-4502.2

**B.**  **Garmin's Counterclaim for Invalidity Under 35 U.S.C. §§ 102 and 103 Does Not State Relevant Facts to Plausibly Allege That Any Asserted Claim is Invalid.**

Garmin's invalidity claim concerning 35 U.S.C. §§ 102 and 103 does not articulate any invalidity argument under U.S. law. A patent claim is invalid under 35 U.S.C. §102 "only if each and every element is found within a single prior art reference, arranged as claimed." *In re Smith Int'l,* 871 F.3d 1375, 1381 (Fed. Cir. 2017) (citing *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015)). Obviousness under 35 U.S.C. §103 "cannot be predicated on the mere identification in the prior art of individual components of claimed limitations." *Personal Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 991 (Fed. Cir. 2017) (internal citations and brackets omitted). The combination must be identified including that the combination discloses each element of the patent claim. *Id.* at 992.

Rather than identify any § 102 or § 103 arguments under U.S. law, Garmin's Counterclaim cryptically states that it has previously disclosed to Philips "detailed []invalidity arguments…as to each patent," without identifying any of the subject matter of those purported "arguments." (Counterclaim, ¶¶ 41-43.) This is entirely improper and conveys no useable information. Philips cannot fairly be expected to admit or deny such fatally vague allegations that cannot be evaluated or tested for their legal sufficiency.

Indeed, the vast majority of allegations that make up Garmin's invalidity Counterclaim are simply irrelevant to anticipation or obviousness of any asserted patent claim. Garmin's Counterclaim alleges that it, not Philips, is an innovator and that the plaintiff Philips North America only recently acquired the patents-in-suit. Dkt. 23 ¶¶1-24. Garmin alleges that Philips's parent company, Koninlijke Philips N.V., was engaged in litigation in Europe and that a foreign patent that was allegedly "indistinguishable" from the claims of the U.S. '007 patent was invalidated (the pleading itself demonstrates that the claims were not the same). *Id.* ¶¶28-50. For the '233 patent, Garmin alleges that it has explained to Philips that Garmin's own product invalidates the claims. *Id.* ¶¶51-52. And Garmin alleges that it has explained to Philips that the '377 and '958 Quy patents are invalid, and that Philips has certain prior art in its

8

4836-8801-4502.2

possession.  *Id.* ¶¶53-66.

In short, Garmin's invalidity Counterclaim proclaims that Garmin has formulated invalidity arguments, but the Counterclaim itself does not share those invalidity arguments, if they exist, or otherwise include factual allegations to support the invalidity of any asserted U.S. patent claims under U.S. law.  Much of the Counterclaim is not even framed in terms of factual allegations concerning the patents-in-suit, but rather in terms of things that Philips has allegedly "omitted" from its Complaint.  *See id.* ¶28 ("Philips' Complaint omits that Garmin and Garmin (Europe) Limited were engaged in litigation in Europe …"); ¶32 ("Philips' Complaints omits that claims of the EP 1,076,806B1 were invalidated …"); ¶33 ("Philips' Complaint omits that, in the UK action, Koninlijke Philips N.V. admitted …"); ¶34 ("Philips' Complaint omits that, in the UK action, Koninlijke Philips N.V. accepted …"); *see also id.* ¶¶35-41 (same).

In short, the pleading includes numerous paragraphs of allegations, but the allegations are not sufficient to support a plausible claim.  *See Ecojet*, 2017 WL 3485780, at *5-6 (dismissing defendant's incorrect inventorship counterclaim as insufficient even though it included detailed pleadings (*see* counterclaims attached as Exhibit B to the Declaration filed herewith), including that the un-named inventor was responsible for the development of the subject matter disclosed in the patent and that the named inventor "did not conceive of, or otherwise invent, any subject matter disclosed and claimed as an invention").

Garmin's statements related to the European proceedings (s*ee* Dkt. 34 ¶¶28-46, 50, 55-59) also cannot plausibly establish invalidity of the United States patents asserted in this case.  The decisions applied European patent laws, and they interpreted and applied claims that are different from the claims asserted in this case.  This is why the Court of Appeals for the Federal Circuit has for decades observed that "[w]e take notice of the fact that the theories and laws of patentability vary from country to country, as do examination practices."  *Heidelberger Druckmaschinen AG v. Hantscho Commercial Prods., Inc.*, 21 F.3d 1068, 1073 n. 2 (Fed. Cir. 1994) (reversing the trial court's finding of invalidity for obviousness); *Lindemann Maschinenfabrik*, 730 F.2d at 1458 n.2 (Fed. Cir. 1984) ("the language and laws of other countries differ substantially from those in the United States"); *Application of Dulberg*, 472 F.2d

PHILIPS MOTION TO DISMISS
CASE NO. 2:19-cv-AB-KS

4836-8801-4502.2

1394, 1398 (Fed. Cir. 1973) ("The granting of a patent on an 'invention' in a foreign country has no relevance to the determination of whether the same 'invention' would be obvious within the ambit of §103 since it is notoriously well known that the standards of patentability vary from country to country").

In addition to finding invalidity assertions such as made by Garmin "specious" and "meritless" as noted in the Introduction above, many courts exclude evidence relating to foreign proceedings under Federal Rules of Evidence 401 and/or 403.  *See e.g., Waddington N. Am., Inc. v. Sabert Corp.*, No. 09-4883(GEB), 2011 WL 3444150 at *3 (D.N.J. Aug. 5, 2011) ("The Court excluded evidence that foreign tribunals had found the patent invalid because **they were irrelevant** and substantially prejudicial") (emphasis added);  *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, No. 02-148 GMS, 2003 WL 22244704, at *1 (D. Del. Sep. 30, 2003) (granting motion to exclude evidence of foreign decision because it "applies European, as opposed to United States, patent laws, and examines different claims than the ones at issue in this case").

And even putting aside the lack of relevance of the European proceedings, Garmin's allegations do not even correctly state what happened.  Garmin alleges that "claims of the EP 1,076,806B1 were invalidated" in Europe, but the UK Judgment attached to Garmin's Counterclaim actually found that "conditional amendment 2 was, in my judgment, inventive at the priority date and … Claim CA2 is infringed," and Garmin should pay damages.  *See* Dkt. 23, Ex. A at ¶295.  As to the other foreign proceeding, Garmin's Counterclaim alleges that the claims there are "indistinguishable" from the "Quy claims" (*see* Dkt. 23 ¶55), but Garmin neglects to mention that the European Patent Office Board of Appeals explicitly declined to review whether claims directed to the monitoring of health <u>while exercising</u> were patentable. *See* Dkt. 23 Ex. B at §4.1.  The '377 Quy patent requires receiving data "at least partially while the subject is exercising" (*see* Dkt. 1, Ex. B, col. 13, lines 40-41), meaning they are plainly distinguishable from the claims under review in that foreign proceeding for at least this reason. And the asserted claims of the other asserted Quy patent (the '958 patent) are directed to an inventions that are very different from the '377 patent, and very different from the claims at issue in the European decision attached as Exhibit B to Garmin's Answer.  *See id.* Ex. D, col.

15, lines 22-41.

Garmin's pleading boils down to the following: claims of other Philips patents were amended or canceled in other countries, *ipso facto* the claims asserted in this case are invalid under the United States Patent Laws.  That is insufficient under *Iqbal* and *Twombly*, which obligate parties to make relevant and factually supported allegations that plausibly support the legal claim. The foreign proceedings relied upon by Garmin are materially different from the U.S. patent claims in this case, and the analyses conducted in those foreign proceedings do not resemble an invalidity analysis under United States law.  Philips respectfully submits that it would be a waste of the Court's time and the parties' resources to allow Garmin to make those proceedings a sideshow in this case.  If Garmin can show invalidity, it should have pled so under U.S. law so this Court can make such determination under U.S. law.

In short, Garmin has not pled facts to support the invalidity of any U.S. patent claim under United States law. The European proceedings and related pleadings are irrelevant and insufficient.

## V.   **CONCLUSION**

For the foregoing reasons, Philips respectfully requests that the Court dismiss Defendant's Counterclaim.  If the Court grants leave to amend, Philips respectfully requests that Garmin be ordered to include factual support sufficient to support the plausible claim that at least one claim of each patent-in-suit is invalid.

DATED:  September 18, 2019        **FOLEY & LARDNER LLP**

*/s/ Jean-Paul Ciardullo*
Jean-Paul Ciardullo
Eley O. Thompson
Lucas I. Silva
*Attorneys for Philips North America, LLC*

11

4836-8301-4502.2