LAMKIN IP DEFENSE
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 304
Sausalito, CA 94965
916.747.6091
RDL@LamkinIPDefense.com

*Attorney for Defendant*
*Garmin International, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philips North America, LLC, | Case No. 2:19-cv-06301-AB (KSx) |
| Plaintiff, | **DEFENDANT GARMIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS** |
| v. | |
| Garmin International, Inc., Garmin USA, and Garmin LTD | Date: November 8, 2019
Time: 10:00AM
CRTRM: 7B (350 WEST FIRST STREET) |
| Defendants. | |

# DEFENDANT GARMIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Defendant Garmin International, Inc. hereby opposes Plaintiff's ("Philips'") Motion To Dismiss Garmin's Invalidity Counterclaim. (Dkt. Nos. 29 and 23, respectively.)[1]

///

---

[1] Garmin International, Inc. alone files this Opposition as the remaining Garmin Defendants were served on September 25, 2019 and have not yet filed a responsive pleading.

## I. PHILIPS IS ON NOTICE

Garmin and Philips have been here before, but Philips' Complaint leaves out this important history. And now Philips has asked this Court to further bury history by seeking to dismiss Garmin's invalidity counterclaim, which sets forth the invalidation of Philips' patents based on Garmin's own products predating said patents. (Dkt. Nos. 23, 23-1, 23-2.) As detailed below, it is difficult to envision a litigant having more notice than what Philips has here – intimate knowledge of extensive and specific factual allegations vetted through years of past litigation between the parties involving virtually identical patent issues to those at-issue here.

In 2017, Philips filed a patent infringement action in Germany against Garmin alleging infringement of European Patent No. 1,076,806 ("EP'806") and EP 1 247 229 ("EP'229")—the European counterparts to the '007 and '377 patents asserted here. Philips and Garmin then engaged in protracted litigation in Germany and the United Kingdom, exchanging thousands of pages of briefing, arguments, and discovery, and then participated in a multi-day trial in the United Kingdom on the validity of the EP'806 patent. In early 2019, the High Court of Justice of England invalidated all the original claims of EP'806 based on Garmin's own "famous" products and Philips' own expert testimony.[2] (ACC, Dkt. No. 23-1.) Later in 2019 the European Patent Board of Appeal affirmed the invalidity of all asserted claims of Philips' EP'229 patent. (ACC, Dkt. No. 23-2.) Shortly after receiving its losses in Europe, Philips filed this suit, asserting the American counterparts to its invalid European patents, and doing so with full knowledge that the invalidating prior art in the European litigations is fully applicable and admissible here.

The remaining patents in this litigation—the '233 and '958 patents—were not the subject of the Parties' past European litigations. However—contrary to the

---

[2] Claims 1, 24, 26, 27, and 29.

statements in Philips' Complaint—Garmin and Philips discussed the '958 patent at length at several in-person meetings prior to the onset of the European lawsuits. At these meetings, Garmin explained in detail why Philips' patents were invalid and not infringed by Garmin's products. And, as Garmin detailed in its Answer and Counterclaim ("ACC"), the prior art to the Quy '958 patent is equally applicable to the Quy '377 patent. (ACC, Dkt. No. 23, ¶¶53-65.)

All of these facts are carefully detailed in Garmin's Answer and Counterclaim, including the Parties' European litigations. (ACC, ¶¶28-40.) That EP'806 is in the same family as the asserted '007 patent and is in fact indistinguishable from that patent. (ACC, at ¶¶28-32.) That Philips admitted that Claim 1 of EP '806 was anticipated. (*Id*., at ¶¶31-33.) That Claim 1 shares a majority of elements with the asserted claim of the '007. (*Id*.) Indeed, EP'806 was invalidated in the European litigation for the same **factual** reasons that the '007 Patent is invalid here. (*Id*.) Further, in the European litigation, Philips' own expert admitted during cross-examination that the claims of EP'806 were invalid, based on prior art that is relevant and admissible here. (*Id*., at ¶¶33-37; Dkt. No. 23-1, ¶231.) Philips admitted that Garmin's own products, the GPS II+ Device and Garmin Forerunner 45, rendered obvious Claim 1 of EP '806. (ACC, Dkt. No. 23, at ¶33; Dkt. No. 23-1, ¶¶208-209, 218.) Because Philips has asserted patent claims indistinguishable from claims that it and its own expert have admitted are invalid, Garmin seeks attorney's fees against Philips for its assertion of the '007 Patent. (ACC, ¶¶5, 66, Prayer)*; see also* 35 U.S.C. §285, 28 U.S.C. §1927.

As for the asserted '233 Patent, Garmin explained to Philips on June 7, 2016 that Garmin's own Dynastream products render obvious the claims of said asserted patent. (ACC, Dkt. No. 23, at ¶¶51-52.)

As for the two asserted Quy patents (Nos. '377 and '958), Garmin explained to Philips in 2016 that the alleged inventions of the Quy patents were well-known

"before the filing of the Quy patent in December 1999. Garmin's U.S. Patent Nos. 6,002,982 (Fry, 1996) and 5,955,667 (Fyfe, 1996) are two examples. Delman (WO2000078413) and Mault (WO2001039089) are two non-Garmin examples." (*Id.*, at ¶54.)

Further, claims indistinguishable from the Quy claims asserted here have already been invalidated by both the European and United States patent offices. Garmin attached to its Counterclaim the European Patent Board of Appeal's affirmation of the invalidation of EP 1 247 229 ("EP'229"). (Dkt. No. 23-2.) EP'299 "is the European patent arising from the US provisional to which the asserted Quy patents claim priority. The EPO affirmed the invalidation of EP'299 by the court below. "Philips had the EPO decision in its possession prior to filing the Complaint at-bar." (*Id.*, at ¶¶55-65.)

Finally, in addition to Section 102 and 103 invalidity, the European litigations involved factual issues that are directly applicable to Section 101 and 112 invalidity. (*See* Dkt. No. 23-1, ¶¶211-12, 182-189, 237, 275-293.[3])

Philips is fully on notice regarding some of the defenses that Garmin will raise in the present action as they are identical to those the Parties spent the last few years litigating. And Garmin's counterclaim is plausible because the same facts, admissions, and prior art cited in Garmin's counterclaim are the same facts, admissions, and prior art that invalidated Philips European patents and will invalidate their American counterparts herein.

## II.  IT DOES NOT MATTER WHETHER *IQBAL/TWOMBLY* APPLIES TO INVALIDITY COUNTERCLAIMS

---

[3] ¶¶211-12, 237 (Section 112, written description), 182-189 (collocation is related to the burden of proof in an inventive step analysis. The analysis requires identification of the actual invention and the written description (*i.e.*, Section 112), 275-293 (Section 101, called "Presentation of Information or Excluded Subject Matter" in the UK).

Philips flatly states that the *Iqbal/Twombly* pleading standard applies to invalidity counterclaims. (Motion, 5:21-6:11.) But that is not accurate. Indeed, many courts in this district have expressly held that *Iqbal/Twombly* does not apply to invalidity counterclaims. *See, e.g., Core Optical Techs., LLC v. Fujitsu Network Communs., Inc.,* No. SACV 16-00437-AG-JPRx, 2016 U.S. Dist. LEXIS 187026, at *5 (C.D. Cal. July 8, 2016); *Deckers Outdoor Corp. v. Rue Servs. Corp.*, No. CV 13-6303 JVS (VBKx), 2013 U.S. Dist. LEXIS 198353, at *3-5 (C.D. Cal. Dec. 23, 2013); *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010); *TCL Communs. Tech. Holdings, Ltd. v. Telefonaktenbologet LM Ericsson*, No. SACV 14-00341 JVS (ANx), 2014 U.S. Dist. LEXIS 197559, at *22-24 (C.D. Cal. Sep. 30, 2014). That is particularly true in patent litigation where detailed invalidity contentions are due early in those cases. *See Core Optical*, at *4-7 (providing a detailed analysis of the caselaw and concluding *Iqbal/Twombly* does not apply to invalidity counterclaims).

That said, not all courts agree. Some courts apply *Iqbal/Twombly* to invalidity counterclaims, and this Honorable Court appears to have adopted said view. *See Lf Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV 17-05824-AB (MRWx), 2017 U.S. Dist. LEXIS 222674, at *7-10 (C.D. Cal. Dec. 14, 2017).

But, regardless of the applicable standard, no court supports the granting of a motion to dismiss where, as here, the factual pleading is extensive and specific and based on years of past litigation between the parties.

### III. PHILIPS' ARGUMENTS

#### A. Though Not Required, Philips Has Notice of Facts Under Each Statutory Basis

Philips asserts that Garmin has pleaded no facts under Section 101 and 112. Philips cites no authority for the proposition that Garmin must cite facts under each and every statutory basis for invalidity. Regardless, Garmin has provided notice under

each statutory category, as noted above. (*See* Section I, *supra*; *see also* Dkt. No. 23-1, ¶¶211-12, 237, 275-293; 182-189.)

Philips first cites *Ecojet, Inc. v. Pure Spa Components, Inc.*, No. SACV 16-01463-CJC(KESx), 2017 U.S. Dist. LEXIS 183625 (C.D. Cal. Feb. 10, 2017) but *Ecojet* stands for the proposition that failing to plead a single admissible fact cannot support an invalidity counterclaim. *Id.*, at *18.[4] *Ecojet* does not inform this case given the extensive facts plead herein.

Philips then cites this Court's *LF Centennial* decision. In *LF Centennial*, the defendant pleaded a single fact, comparing the accused product with the patent, which this Court rightly noted is not relevant to the obviousness calculus. *Lf Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV 17-05824-AB (MRWx), 2017 U.S. Dist. LEXIS 222674, at *7-10 (C.D. Cal. Dec. 14, 2017). Thus, as in *Ecojet*, the defendant failed to plead a single fact evidencing invalidity. Again, that is not our facts.

Philips likely cited *Lf Centennial* for this Court's mention that there were no facts pleaded for Sections 101, 102, or 112 therein. *Id.*, at *9. But, as noted above, Garmin's counterclaim provides notice under each of the statutory bases, including Sections 101 and 112. Admittedly, the discussions relevant and analogous to Sections 101 and 112 are contained in documents attached and incorporated by reference (Dkt. Nos. 23-1, 23-2), but their attachment and incorporation by reference satisfies the pleadings standards. *Adobe Lumber, Inc. v. Hellman*, No. CIV 05-1510 WBS PAN, 2008 U.S. Dist. LEXIS 78072, at *15, 2008 WL 4539136, at *4 (E.D. Cal. Oct. 2, 2008); *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("The Federal Rules of Civil Procedure expressly allow adoption by reference, Fed. R. Civ. P. 10(c), and do not distinguish between incorporated and unincorporated allegations.");

---

[4] Defendant had pleaded a single fact, faulty inventorship, but the court had previously ruled that single fact inadmissible.

Fed.R.Civ.P.10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading <u>for all purposes</u>.") (emphasis added.)

Regardless, *Lf Centennial* does not hold that a single invalidity counterclaim must plead facts under each and every statutory category. Indeed, such a reading would place a near insurmountable hurdle at the pleading stage, one that would unfairly prejudice the defendant, and would subsume the role of invalidity contentions under the Patent Rules.[5] Further, when a party lists each of the statutory bases under a single counterclaim, as Garmin has done, courts presume that said listing operates to plead the statutory bases in the alternative. *See Fitness Anywhere LLC v. Woss Enters. LLC,* No. 14-cv-01725-BLF, 2014 U.S. Dist. LEXIS 136443, at *6 (N.D. Cal. Sep. 26, 2014); *Id.*, at n.2 (*citing* Manual of Patent Examining Procedure § 706.I; *see also* 37 C.F.R. § 1.104.) As such, listing facts under each basis is not required.

In Philips' third-cited case, *Sliding Door Co. v. KLS Doors*, No. EDCV 13-00196 JGB (DTBx), 2013 U.S. Dist. LEXIS 71304 (C.D. Cal. May 1, 2013), defendant's invalidity counterclaim again failed to allege a single fact. *Id.*, at *12.

Likewise, in *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 U.S. Dist. LEXIS 52362, at *11 (C.D. Cal. Mar. 8, 2018), the defendant failed to provide "any detail" other than citing the statutory bases for invalidity. *Id.*, at *11.

All told, Philips' motion relies on cases where defendants have failed to plead a single fact in support of their invalidity counterclaim; those cases do not inform this

---

[5] This Court does not have its own Standing Patent Rules but, as is standard practice before this Court, the Parties will adopt patent rules as part of their proposed scheduling order. *See, e.g., Hoist Fitness Sys. v. TuffStuff Fitness Int'l, Inc.*, No. ED CV 17-01388-AB (KKx), 2019 U.S. Dist. LEXIS 76253, at *15 (C.D. Cal. Mar. 19, 2019).

matter. Garmin has pleaded specific invalidity facts for each asserted patent, including attaching documents detailing invalidity determinations against patents in the same family and indistinguishable from those asserted here. Garmin has more than met its burden.

### B. GARMIN'S SECTION 102 AND 103 FACTS ARE RELEVANT

Philips argument here is no model of clarity. (*See* Motion, at 8:1-9:18.) For example, Philips states:

> Garmin's Counterclaim cryptically states that it has previously disclosed to Philips 'detailed []invalidity arguments…as to each patent,' without identifying any of the subject matter of those purported "arguments." (Counterclaim, ¶¶ 41-43.) This is entirely improper and conveys no useable information. Philips cannot fairly be expected to admit or deny such fatally vague allegations that cannot be evaluated or tested for their legal sufficiency.

(Motion, at 8:13-18.)

Here are the paragraphs Philips complains of:

> 41. Philips' Complaint omits that Garmin has provided detailed noninfringement and invalidity arguments to Philips over the past three (3) years.

> 42. All told, in the discussions between Garmin and Philips over the last three (3) years, Philips alleged that Garmin infringed seven (7) patents.

> 43. Garmin supplied non-infringement and invalidity arguments as to each patent.

It is hard to understand why Philips cannot admit or deny the single factual allegation in each cited paragraph.

Philips' next argument (*i.e.*, that the previous litigations between Garmin and Philips in Europe is irrelevant), is equally misplaced.[6] Garmin is not asserting issue

---

[6] This section of Philips' motion demonstrates Philips' notice as to the successful invalidity allegations in the European litigation. Their one claim to minor success ("the UK Judgment attached to Garmin's Counterclaim actually found that

preclusion based on the foreign judgments against Philips. If that were the case, Garmin would have moved to dismiss Philips' Complaint. As explained above, the **factual admissions** by Philips' experts in the European litigations and the prior art received by Philips in those litigations are directly relevant to Garmin's invalidity counterclaim and any eventual motion for attorney's fees against Philips for asserting claims indistinguishable from those its own experts already admitted under oath to be anticipated and obvious. (*See Id.*, at ¶¶28-44, 55-65.) Should Philips believe either (1) the admissions of its own experts or (2) the fact that prior litigation has placed Philips on notice of fatal prior art to be inadmissible, Philips can file a motion *in limine* prior to trial; that is not an issue to be decided here.

Finally, Garmin's Answer and Counterclaim also seeks to eliminate factual issues for trial. For example, it notes that Garmin's fitness trackers are prior art to each of the Asserted Patents. (Answer, ¶36.) Philips should have to affirm or deny such facts, as is one of the primary purposes of initial pleadings. *See* Fed.R.Civ.P 8(b).

Far from irrelevant, Garmin's citations to the European proceedings rely not on the judgments themselves, but the factual decisions, admissions, and prior art exchanges that occurred as part of those litigations, each relevant here.

## IV. LEAVE TO AMEND

Garmin believes the factual allegations supporting its invalidity counterclaim are sufficiently pleaded. But if this Honorable Court disagrees, finding that Garmin's single counterclaim is not sufficiently pleaded, Garmin respectfully seeks leave to

---

'conditional amendment 2 was, in my judgment, inventive at the priority date and … Claim CA2 is infringed,' and Garmin should pay damages") again misleads. (*See* Motion, 10:14-18.) Philips was forced to create a brand new claim (claim CA2) because the issued claims in its patent were found invalid. But in the United States, a patentee cannot amend its claims during litigation, so Philips' only small victory in the European litigation will not be available to it here.

amend its invalidity counterclaim.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'") (*quoting* Fed.R.Civ.P 15 and *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).)

## V.   CONCLUSION

Garmin's invalidity counterclaim is carefully crafted to put Philips on notice and to force Philips to admit (or deny) critical facts in order to streamline issues for trial.  Philips' motion to dismiss should be seen for what it is, an attempt to avoid admitting material facts.  Respectfully, Philips' attempt to avoid responding to Garmin's Counterclaim should be denied.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin
*Attorney for Garmin International, Inc.*

## CERTIFICATE OF SERVICE

On this day, October 15, 2019, I did serve upon Philips the following document via the Court's ECF system:

**DEFENDANT GARMIN INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

*Rachael D. Lamkin*
Rachael D. Lamkin