LAMKIN IP DEFENSE
RDL@LamkinIPDefense.com
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 304
Sausalito, CA 94965
(916) 747-6091 Telephone

Michelle L. Marriott (*pro hac vice*)
michelle.marriott@eriseip.com
Erise IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211
(913) 777-5600 Telephone
(913) 777-5601 Facsimile

*Attorneys for Defendants Garmin
International, Inc. and Garmin Ltd.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIPS NORTH AMERICA LLC, | Case No. 2:19-cv-06301-AB-KS |
| Plaintiff, | |
| v. | |
| | **GARMIN'S REPLY IN SUPPORT OF ITS MOTION TO AMEND; GARMIN'S RESPONSE TO PHILIPS' MOTION TO DISMISS** |
| GARMIN INTERNATIONAL, INC. AND GARMIN LTD., | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Courts "rarely deny a motion for leave to amend for reason of futility." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-04708 VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) (noting before discovery is complete, a proposed amendment is futile "only if no set of facts can be proved under the amendment which would constitute a valid claim or defense"). Yet in opposing Garmin's Motion to Amend seeking to add an affirmative defense and counterclaim for inequitable conduct, Philips relies solely on the basis of futility.[1]  In doing so, Philips ignores the appropriate standard, attempting instead to convert its opposition into one for summary judgment, dedicating its entire brief to contesting the sufficiency of Garmin's "proof" in support of its allegations.

At this stage, Garmin is not required to conclusively prove its claims. Garmin has plausibly pled a wealth of material facts alleging that Philips knew of the *Yamamoto* reference, knew that *Yamamoto* was material to the patentability of the claims of the '192 Patent, and still withheld *Yamamoto* from the USPTO with a specific intent to deceive. The Court must accept Garmin's "allegations of material fact as true and construed in the light most favorable" to Garmin. *Advanced Micro Devices, Inc. v. Samsung Elec. Co., Ltd.*, No. C 08-986 SI, 2009 WL 1396256, at *3

---

[1] Philips additionally moves to dismiss on the same grounds, and thus Garmin's discussion herein applies equally to Philips request for dismissal.

(N.D. Cal. May 18, 2009). Philips will have ample opportunity to defend the claim on the merits, but the inquiry into whether Garmin will succeed on the merits requires a factual inquiry properly reserved after the completion of discovery.

## I.   ARGUMENT

### A. Philips Conflates Pleading With Proof

While Philips casts aspersions on the "plausibility" of Garmin's allegations, Philips never states (let alone tries to prove) that the allegations are actually implausible or wrong. Notably, Philips still has not produced a single document in response to Garmin's discovery requests pertaining to the US IP&S team's access to and knowledge of *Yamamoto*, and expressly declines to engage in the factual merits in its briefing. Philips instead suggests that "[w]hile Philips could say a lot about the actual functioning and operation of IP&S, Philips need not introduce anything outside of the proposed pleadings to show that Garmin's assumptions are unwarranted." Dkt. 87 at 5.  If anything, Philips' desire to avoid the merits confirms that Garmin's inequitable conduct claim is anything but "futile."

As to Garmin's allegations, Philips does not dispute the overwhelming majority of them. As alleged in Garmin's proposed pleading, Philips does not dispute that its employees responsible for the European prosecution of the '192 Patent knew of *Yamamoto* and knew that the EPO application was rejected over *Yamamoto*. Nor is Philips disputing that its employees responsible for the U.S. prosecution (e.g., Yan

Glickberg, Kathleen Asher, Patricia Heim, Edward Goodman, and Jeanne Rusciano) had access to those EPO files, that the U.S. prosecution proceedings were ongoing at the time of the European rejection, or that they knew about and actually disclosed other prior art from other foreign applications which Philips was able to successfully overcome. To be sure, the '192 Patent directly claims priority to the EP Application. Philips also never disputes that its own internal docketing number for the U.S. application is linked to its internal docketing number for the EP Application.  And importantly, Philips does not dispute that *Yamamoto* was material, that Philips never submitted *Yamamoto* to the USPTO, or that Garmin adequately pled with supporting factual allegations the "who" "what" "where" "when" "why" and "how" required by *Exergen*. At bottom, Philips simply disputes that it is liable for inequitable conduct, but fails to challenge the plausibility of Garmin's particularized factual allegations supporting its affirmative defense/counterclaim. These allegations, which the Court must assume are true, are plainly sufficient to raise a right to relief above the speculative level.

Much of Philips' briefing focuses on matters that do not have any bearing on whether Garmin's factual allegations are adequately pleaded, such as the size of Philips' intellectual property department or the purported lack of overlap between EPO and US prosecuting attorneys. Garmin's factual allegations have nothing to do with the size of Philips IP&S or overlap of attorneys, but instead allege that the files

from Philips' foreign prosecution (including the EP Application) were internally linked to the US Application prosecution, such that Philips IP&S employees handling the US Application knew of the prior art at issue in the foreign proceedings and selectively disclosed some of that prior art (that Philips successfully overcame) but not *Yamamoto* (which Philips could not overcome).  Philips additionally cites to an ITC decision involving denial of an inequitable conduct claim involving an entirely unrelated patent and different factual allegations in an administrative forum. Dkt. 87 at 13-14. It has no bearing on Garmin's factual allegations in this case, and if anything, merely evidences a pattern by Philips of withholding material prior art from the USPTO.

### B. Philips Strategically Omits Essential Facts

In its opposition, Philips proffers a timeline graphic attempting to illustrate the events occurring during the co-pending EU and US prosecutions. Dkt. 87 at 10. This timeline, too, selectively discloses the facts. As depicted below, Garmin has added, in red, key events that Philips omitted from Garmin's pleading, all of which evidence Philips selective disclosure and non-disclosure of prior art relevant to Garmin's inequitable conduct allegations:



*See, e.g.*, Ex. D (Japanese Prosecution docket).  As shown above, Philips overcame JP2003-102692 in the Japanese prosecution (final decision November 2014) and could not overcome *Yamamoto* in the European prosecution (final decision March 2015), and two months later in May 2015 disclosed JP2003-102692 but not *Yamamoto* to the USPTO. These facts, when presented in full, provide a clear path by which the Court may plausibly infer that Philips withheld *Yamamoto* with a specific intent to deceive the USPTO.

### C. Taken as true, Garmin's factual allegations plausibly plead inequitable conduct.

There can be no dispute that, under the facts alleged by Garmin, Philips had a duty to disclose *Yamamoto* to the USPTO, and did not.  Inequitable conduct is "rooted in an individual's duties of candor and good faith with respect to the

USPTO." *Am. GNC Corp. v. LG Elec.'s*, Inc., No. 17-cv-01090-BAS-BLM, 2018 WL 400346, at *3-4 (S.D. Cal. Jan. 12, 2018) (granting motion to amend to add claim of inequitable conduct and citing *Therasense* for the notion that a "breach of duty may lead to a finding of inequitable conduct"); *Bradley v. Applied Marine Sys.'s LLC*, No. 13-cv-03941-JSC, 2014 WL 1648726, at *3 (N.D. Cal. Apr. 23, 2014) (citing the same). As set forth in the federal regulations and the advisory guidelines in the Manual of Patent Examining Procedure ("MPEP"):

> Applicants and other individuals, as set forth in 37 C.F.R. § 1.56, have a duty to bring to the attention of the Office any material prior art or other information cited or brought to their attention in any related foreign application. The inference that such prior art or other information is material is especially strong where it is the only prior art cited or where it has been used in rejecting the same or similar claims in the foreign application.

MPEP § 2001.06(a) (6th Ed., Rev. 2, Jul. 1996); *see also* 37 C.F.R. § 1.56 ("The Office encourages applicants to carefully examine: prior art cited in search reports of a foreign patent office in a counterpart application").

As the Federal Circuit recognizes, "[p]artial disclosure of material information about the prior art to the PTO cannot absolve a patentee of intent if the disclosure is intentionally selective." *Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 768 F.3d 1185, 1190 (Fed. Cir. 2014). Garmin has factually and plausibly pled that specific individuals at Philips knew of prior art from at least three different foreign prosecutions – including the references contained in the PCT International

Search Report, the *Yamamoto* reference cited in the EP Application prosecution, and the JP 2003-102692 reference cited in the Japanese Application prosecution. Garmin has further factually pled that Philips selectively chose to disclose some references (the International Search Report references as well as JP 2003-102692) but not *Yamamoto*, with specific intent to deceive the USPTO. These factual allegations must be taken as true. The truth or falsity of these allegations will be proven during discovery, should Philips provide the information responsive to Garmin's requests.

### D. With No Showing of Futility, Philips' Motion to Dismiss Must be Denied

The Court, in its discretion, may deny a proposed amendment as futile only if the proposed amendment "would fail to state a claim under the standard applied on a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6),[ ] and any defect in the pleading cannot 'possibly be cured by the allegation of other facts.'" *Aten Int.'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2011 WL 13134915, at *2-3 (C.D. Cal. Mar. 23, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)) (citation omitted). In this regard, a claim of inequitable conduct will survive a motion to dismiss if the pleading "recites facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent

to deceive the PTO." *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (citing to *Exergen*).

Garmin's amended pleading unquestionably identifies, under *Exergen*, the specific "who, what, when, where, and how" of Philips' inequitable conduct. Dkt. 83-1 at ¶¶ 78-133 (describing the specific US prosecutors who violated their duty of candor by withholding from the USPTO during prosecution of the '192 application the *Yamamoto* reference, a reference which was fatal to the similar claims presented in the EP application, while disclosing other art from foreign prosecutions). These allegations allow the court to reasonably infer that Philips acted with the requisite state of mind. *iLife Technologies Inc. v. AliphCom*, No. 14-cv-03345-WHO, 2015 WL 890347, at *9 (N.D. Cal. Feb. 19, 2015) (denying motion to dismiss inequitable conduct counterclaim and finding allegations of a party withholding from the PTO invalidating information learned from an EPO proceeding sufficient to infer a plausible intent to deceive the PTO). As such, Philips assertion of futility must be denied. Correspondingly, Philips Motion to Dismiss must similarly be denied.

In the event that the Court finds some aspect of Garmin's proposed pleading to be deficient, however, Garmin respectfully requests leave to amend its proposed pleading to rectify such deficiency. *Local Ventures & Investments, LLC v. Open Foundation*, No. 2019 WL 7877935, at *4 (N.D. Cal. Mar. 12, 2019) (granting leave to amend amended counterclaims, including claim for inequitable conduct, and

noting that courts should allow leave to amend unless it would prejudice the opposing party). Allowing Garmin additional leave to amend would not prejudice Philips.

## II.    CONCLUSION

For the reasons discussed above, Garmin respectfully requests that the Court grant Garmin's Motion to Amend and deny Philips' motion to dismiss.

DATED: August 7, 2020

ERISE IP, P.A.


By:  */s/ Michelle L. Marriott*

*Counsel for Defendants Garmin International, Inc. and Garmin Ltd.*