UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philips North America LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Garmin International, Inc.; Garmin USA, Inc. and Garmin Ltd.,<br><br>　　　　　　　　　Defendants. | Case No. 2:19-cv-06301-AB-KS<br><br>**ORDER <u>DENYING</u> PLAINTIFF'S MOTION UNDER RULE 54(b) TO ENTER FINAL JUDGMENT AS TO COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 6,013,007** |

　　　　Before the Court is Plaintiff Philips North America LLC ("Plaintiff") Motion Under Rule 54(b) to Enter Final Judgment as to Count I for Infringement of U.S. Patent No. 6,013,007 ("Motion," Dkt. No. 110). Defendants Garmin International, Inc. and Garmin Ltd. ("Defendants") filed an Opposition. ("Opp'n," Dkt. No. 113). Plaintiff filed a Reply. ("Reply," Dkt. No. 117). The Court deems this matter appropriate for decision without oral argument and vacates the hearing scheduled for December 18, 2020. *See* Fed. R. Civ. P. 78; LR 7-15. For the following reasons, the Court **DENIES** the Motion.

//

1.

## I. BACKGROUND

This Motion arises from Plaintiff's patent infringement action against Defendants. In its Complaint, Plaintiff alleges that Defendants infringe six of Plaintiff's patents within Defendants' fitness tracking devices and accompanying software applications. (Dkt. No. 1). The '007 Patent was invalidated at claim construction. ("Claim Construction Order," Dkt. No. 102). Plaintiff's disclaimed the asserted claims of the '958 Patent. (Lamkin Decl., ¶ 4). Plaintiff withdrew its infringement allegations as to the '192 Patent. (Lamkin Decl., ¶ 6). Only the '233 Patent, the '377 Patent, and the '542 Patent remain at-issue.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to enter a separate judgment in an action involving multiple claims and multiple parties. Entry of a separate judgment under Rule 54(b) is proper where there is: (1) a final judgment; and (2) the district court determines that there is no just reason for delay of entry. *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7–8 (1980).

It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). This discretion is to be exercised in the interest of sound judicial administration. *Id.*

## III. DISCUSSION

Plaintiff moves this Court to enter final judgment on Count I of Philips's Amended Complaint asserting infringement of U.S. Patent No. 6,013,007 ("'007 Patent"). Plaintiff argues that the Claim Construction Order is eligible for certification and there is no just reason for delaying an appeal because the '007 Patent cause of action is severable and independent from the other claims.

The Court and parties agree that this Court's Claim Construction Order is a final judgment that can be certified for a Rule 54(b) appeal. (Opp'n, p. 13). Indeed,

the Construction Order is an "ultimate disposition of an individual claim in the course of a multiple claims action." *See Wood*, 422 F.3d at 880 (concluding that Rule 54(b) "allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action").

Instead, the parties' dispute centers around the second factor: "whether there is any just reason for delay." *Curtiss–Wright*, 446 U.S. at 8. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under . . . Rule [54(b) ] is to act as a 'dispatcher'." *Id.* In making its determination, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Such factors are important in order to "assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." *Id.* (citation and internal quotations marks omitted).

First, Plaintiffs argue that the '007 Patent cause of action is separable from the other patents because they involve different functionalities and inventors. (Reply, p. 4). While the '007 Patent may involve its own distinct technologies (it is, after all, its own patent), it is, for all practical purposes, intertwined with the remaining patents. As noted by this Court in the Claim Construction Order, the patents generally relate to monitoring a subject's activity or health condition. (Dkt. No. 102, p. 2). The patents are all utilized across the same allegedly infringing products and involve electronic monitoring of athletes—facts that Plaintiffs also recognize as true. (Lamkin Decl., Exhs. B-C; Motion, p. 1). Given the overlap in subject matter, the Court is not inclined to separate the claims and risk the Federal Circuit considering the same products, subject matter, and issues more than once.

Although it is understandable that Plaintiffs would want the Federal Circuit to weigh in on its '007 Patent cause of action sooner rather than later, all practical considerations point toward requiring a final and complete resolution of this entire case before appeal. The Court finds that allowing the case to proceed on its normal track followed by a single appeal will not deprive Plaintiffs of any remedy or result in any harsh or unjust judgment. Rather, the Federal Circuit will have an opportunity to review the '007 Patent cause of action —and any other issues that ultimately arise in the remainder of this litigation—once the case is completely resolved.

Ultimately, the Court agrees with Defendant that there is no practical reason to sever the expired '007 Patent for purposes of appeal while simultaneously proceeding with litigation relating to overlapping products and subject matter.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for entry of final judgment.

Dated: December 17, 2020   _____
　　　　　　　　　　　　　　 HONORABLE ANDRÉ BIROTTE JR.
　　　　　　　　　　　　　　 UNITED STATES DISTRICT COURT JUDGE