LAMKIN IP DEFENSE
RDL@LamkinIPDefense.com
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 300
Sausalito, CA 94965
(916) 747-6091 Telephone

Michelle L. Marriott (*pro hac vice*)
michelle.marriott@eriseip.com
Erise IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211
(913) 777-5600 Telephone
(913) 777-5601 Facsimile

Attorneys for Defendants
Garmin International, Inc. and Garmin Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Philips North America LLC,<br><br>   *Plaintiff*,<br><br> vs.<br><br>Garmin International, Inc. and Garmin Ltd.,<br><br>   *Defendants*. | Case No. 2:19-cv-06301-AB-KS<br><br>**NOTICE OF MOTION and OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER UNTIL AFTER THE PTAB'S FINAL DECISION ON THE '233 PATENT**<br><br>**Hearing: February 26, 2021<br>10:00 am**<br><br><u>Hon. André Birotte Jr.</u> |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 26, 2021 at 10:00 AM, or as soon thereafter as the matter may be heard before Honorable André Birotte Jr., in Courtroom 7B of the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Defendant Garmin will, and hereby does, respectfully move pursuant to extend the trial dates until after final decision on the IPR of the asserted '233 Patent.

    The grounds for the Motion are set forth in the Motion below.  This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such other and further evidence as may properly be before this Court at the hearing on the Motion.

    This Motion is made following the requested conference of counsel on January 14, 2021, and again on January 18, 2021, and again on January 20, 2021, and on the telephonic discussion on January 21, 2021.  The undersigned acknowledges that this Motion was filed less than seven days after the telephonic conference of counsel but was necessitated by Philips' delay in participating in said conference and the trial schedule, which currently calls for summary judgment motions prior to this motion for an extension in the trial schedule.

**LAMKIN IP DEFENSE**

<u>/s/ Rachael D. Lamkin</u>
Rachael D. Lamkin (246066)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 304
Sausalito, CA 94965
RDL@LamkinIPDefense.com
916.747.6091
*Attorney for Defendant*
*Garmin USA, Inc.*

## I.   INTRODUCTION

Philips asserted six patents against Garmin.  (Dkt. No. 45, ¶48.)  Only three remain.  The '007 Patent was invalidated at claim construction (Dkt. No. 102), and Philips has voluntarily withdrawn its infringement allegations as to the '192 Patent.  (Dkt. No. 113-1, ¶6.)  Only the '233 Patent (expired), the '377 Patent (expired), and the '542 Patent remain at-issue.  As noted by this Court in two separate orders, "each of the asserted patents generally relate to monitoring a subject's activity or health condition.  The patents are all utilized across the same allegedly infringing products and involve electronic monitoring of athletes—facts that Plaintiffs also recognize as true."  Order on Philips' Rule 54 Motion, Dkt. No. 118, at 3 (*citing* Markman Order, Dkt. No. 102, at 2).

On October 27, 2020, the Patent Trial and Appeal Board ("PTAB") instituted an IPR challenge against all of the asserted claims of the '233 Patent, finding a "reasonable likelihood that Petitioner would prevail" in its invalidity challenge.  (Dkt. No. 113-1, ¶7.)  The PTAB's final decision must issue on or before a year from institution, or October 27, 2021.  *See* 35 U.S.C. § 316(a).  Further, in 2020, in 79% of the cases, at least some claims of the instituted patents were invalidated by the PTAB.  In 52% of the cases, all claims of the asserted patents were invalidated.  (Lamkin Decl., Exh. A)  There is thus a near 80% probability that at least some of the asserted claims of the '233 patent will be invalidated and a 52% chance that all asserted claims of the '233 Patent will be invalidated on or before October 27, 2021.

Further, just a few days ago, Philips filed its response to the institution decision.

(Lamkin Decl, Exh B.)  In that response, Philips took positions that if adopted by the PTAB, should prompt a non-infringement determination in this case.

Currently, trial is set for July 27, 2021, three months to the day before the final deadline for the PTAB's decision on the validity of the asserted claims of the '233 Patent. On the data, the PTAB is highly likely to invalidate some or all of the asserted claims of the '233 Patent.  And in the unlikely event that the PTAB declines to invalidate all of the asserted claims of the '233, the PTAB may side with Philips on key arguments that will in fact demonstrate that the accused products do not infringe the '233 Patent.

It would be a quintessential waste of judicial resources to try Philips infringement case and Garmin's invalidity defense of the '233 on these facts.   Moreover, given the substantial overlap between the '233 and the remaining two patents, judicial economy warrants an extension of the case schedule until after the PTAB's final determination on October 27, 2021.

## II.     LEGAL AUTHORITY

In deciding whether to grant a stay pending *inter partes* review proceedings (or, as here, a mere extension), courts in this District have considered three factors that were originally used to consider requests for stays pending the U.S. Patent and Trademark Office's reexamination proceedings: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Dataquill Ltd. v. Tcl Commun. Tech. Holdings*, No. 2:19-cv-03394-AB-PLAx, 2020 U.S. Dist. LEXIS

122984, at *3 (C.D. Cal. Apr. 24, 2020) (*citing Allergan Inc. v. Cayman Chem. Co*., No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009). While these three factors are important, ultimately the totality of the circumstances governs. *Id*.

### III. THE TRIAL SCHEDULE SHOULD BE EXTENDED UNTIL AFTER THE PTAB'S FINAL DETERMINATION

#### A. Factor One is Neutral or Slightly Weighs Against an Extension

"A court's analysis of the stage of litigation focuses on whether discovery is completed, and whether a trial date has been set." *SCA Hygiene Prods. Aktiebolag v. Tarzana Enters., LLC*, No. CV 17-04395-AB (JPRx), 2017 U.S. Dist. LEXIS 218330, at *7 (C.D. Cal. Sep. 27, 2017) (citations omitted). Here, fact discovery is closed but expert discovery remains open. A trial date has been set but currently all civil trials in this District are stayed during the Covid 19 pandemic. As such, a trial date in July seems unlikely. This factor is neutral, or possibly weighing against extending the case schedule.

#### B. Factor Two Weighs in Favor of an Extension

"With regards to IPR, some of the advantages of a stay include the fact that the record of the reexamination may be entered at trial[;] that the PTO's expertise will govern[,] thus simplifying the case; that evidentiary and other issues will be further narrowed following a reexamination; and that costs will be reduced." *SCA Hygiene Prods. Aktiebolag v. Tarzana Enters.,* LLC, No. CV 17-04395-AB (JPRx), 2017 U.S. Dist. LEXIS 218330, at *10 (C.D. Cal. Sep. 27, 2017) (citations omitted). Further, the Court "will benefit from the expert evaluation of the issues by the Patent Office." *Id*., at *12.

Across all three of the remaining patents, Philips has elected to assert twelve claims. Of those twelve claims, half are from the '233 Patent. Thus, if the PTAB invalidates the claims of the '233, half of Philips case will be eliminated.

There is no need to split this case into two trials in the unlikely event that the claims of the '233 survive IPR. The Parties are using the same experts across all three remaining patents, and Garmin will use the same in-house witnesses for all three remaining patents. The reduction in resources associated with keeping the three patents together is substantial. Thus, while the '233 should without question be stayed/extended, it makes good sense to also stay/extend adjudication of the remaining '377 and '542 Patents.

Finally, in its response to the PTAB's institution, Philips has argued additional claim construction positions that would render its infringement case against Garmin here impossible. That is, in an attempt to avoid invalidity over strong prior art, Philips has taken the position that a failed password log in that prevents all data from being sent to the device cannot meet a limitation **present in all asserted claims**: "(c) a security mechanism governing information transmitted between the first personal device and the second device." '233, 15:9-11.

Specifically, Philips argued, "Petitioners rely on Jacobsen's 'self-disabling means,' which simply renders a device inoperative in the event a user inputs the wrong password." (Petitioner Response, Lamkin Decl., Exh. B, at 8.) "While the 'self-disabling' means provides "security" in a general sense by disabling a device in the event that a wrong password is entered, that mechanism in no way would govern information transmitted between the wrist/sensor unit and the soldier unit 50 as required by claim 1." *Id.*, at 20. "While the claim expressly requires

'a security mechanism governing information transmit**ed**,' under Petitioners' and Dr. Paradiso's understanding of the claim, there would be no information transmitted whatsoever in the event that a soldier entered the wrong password on the wrist unit or soldier unit and disabled the device." *Id*., at 21 (emphasis in the original).

That is, Philips argues that a mechanism such as the wrong password that operates to block all information between the personal medical device and the second device cannot meet the limitation at issue. As will be shown through expert testimony if the claims of the '233 survive, Garmin's password system works the same as Jacobson's. Thus, if the PTAB determines Jacobson is not prior art based on Philips' arguments, its reasoning can be employed by this Court to rule at summary judgment that the accused product don't infringe.

The same is true for Philips' argument, "the '233 patent explains how it provides a system with "**multiple levels** of prioritization, **authentication of a person (task, step, process or order)**, and **confirmation** via interrogation of person, device, or related monitor." *Id*., at 19 (*citing* '233 Patent, Abstract, Martin Decl., Ex. 2026, ¶¶23, 70) (emphasis by Philips). If the PTAB agrees with Philips that the "security mechanism" of the asserted claims of the '233 require multiples levels of access, none of the accused products infringe the claims of the '233 Patent.

In sum, statistically the PTAB should invalidate some or all of the claims of the '233. If not, the PTAB may rely upon arguments made by Philips to distinguish the prior art. If so, Garmin's products will not infringe. Thus, regardless of the outcome of the PTAB's final determination, half of this case could be eliminated. This strongly favors a stay/extension.

### C.   Prong Three Favors an Extension

At prong three, the Court analyzes whether a stay/extension would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *SCA Hygiene Prods.*, at *12 (citations omitted). The delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *Id.* In analyzing this factor, courts have looked to considerations such as the timing of the requests for reexamination and a stay, the status of the reexamination proceedings, and the relationship of the parties. *Id.*, at *13.

Philips first accused Garmin of infringing the '233 Patent in February 2016. (FAC, Dkt. No. 45, ¶43.)  Garmin disagreed, providing evidence and reasoning in support of its non-infringement and invalidity positions.  Philips waited more than three years to file the instant litigation.  During this litigation, Philips has requested and the Parties have jointly sought multiple informal and formal requests for extensions in the case schedule.  *See, e.g.,* Dkt. Nos. 27, 30, 89, 103.  Philips is demonstrably not prejudiced by extensions in the trial schedule.  *See SCA Hygiene Prods.*, at *14 ("Seeing as how SCA delayed in bringing this action in the first place, its arguments of prejudice are unpersuasive.")

### D.   Totality of the Circumstances Favors a Stay

Philips has not been in a rush to get to trial.  Further, half of Philips' original case has already been eliminated and the instituted IPR is highly likely to halve Philips' case yet again.  A stay/extension would likely benefit the parties and the Court by at least simplifying an issue or issues in this case.

### IV.   CONCLUSION

Garmin respectfully asks that this Honorable Court extend the trial schedule until after the PTAB's Final Determination, as set forth in the proposed order filed with this Motion.

Respectfully submitted,                                  Dated: January 22, 2021

**LAMKIN IP DEFENSE**

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (246066)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 304
Sausalito, CA 94965
RDL@LamkinIPDefense.com
916.747.6091
*Attorney for Defendant*
*Garmin USA, Inc.*

Michelle L. Marriott (*pro hac vice*)
michelle.marriott@eriseip.com
Erise IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
(913) 777-5600 Telephone
(913) 777-5601 Facsimile

# CERTIFICATE OF SERVICE

On this date, January 22, 2021, I did personally serve upon counsel for Philips via this Court's ECF system the following documents:

Notice of Motion

Motion

Lamkin Declaration & Supporting Documents

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (246066)
LAMKIN IP DEFENSE