LAMKIN IP DEFENSE
RDL@LamkinIPDefense.com
Rachael D. Lamkin (246066)
One Harbor Drive, Suite 300
Sausalito, CA 94965
(916) 747-6091 Telephone

Michelle L. Marriott (*pro hac vice*)
michelle.marriott@eriseip.com
Erise IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211
(913) 777-5600 Telephone
(913) 777-5601 Facsimile

Attorneys for Defendants
Garmin International, Inc. and Garmin Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Philips North America LLC,<br><br>   *Plaintiff*,<br><br> vs.<br><br>Garmin International, Inc. and Garmin Ltd.,<br><br>   *Defendants*. | Case No. 2:19-cv-06301-AB-KS<br><br>**REPLY ISO MOTION TO EXTEND TRIAL DATES UNTIL AFTER THE PTAB'S FINAL DECISION ON THE '233 PATENT**<br><br>**Hearing: February 26, 2021<br>10:00 am**<br><br>Hon. André Birotte Jr. |

## I. GARMIN MERLEY SEEKS A SHORT EXTENSION OF THE TRIAL SCHEDULE

Garmin respectfully seeks an extension of the trial dates in a case wherein Philips has been in no rush to get to trial. Largely at Philips' request, the Parties have jointly agreed to extend case-schedule dates multiple times, both by joint stipulation and—as Philips admits—privately between the Parties. *See* Opp., Dkt. No. 123 n.1; Dkt. Nos. 27, 46, 54, 90, 103, 108. Further, as noted in Garmin's Motion, Philips waited at least three years to bring this litigation. Motion, at 7:10-20. On this record, Philips' protestation at one more extension is telling.

Philips repeatedly characterizes Garmin's motion as a request for a stay but, as Garmin's proposed order makes clear, Garmin has requested a mere extension. *See* Dkt. No. 120-4. Specifically, Garmin sought an order extending the dates for dispositive motions three months, with new dates keyed off the summary judgement briefing schedule. *Id*.

As detailed in Garmin's Motion and as admitted by Philips' in its Opposition, there is considerable overlap between the remaining three patents. Trying the case with all three remaining patents before a final decision on the '233 IPR is simply a waste of resources. Notably, Philips' allegations of prejudice amount to a mere paragraph of its Opposition, a paragraph devoid of any factual support. Opp., at 7:12-20.

Philips attempts to commandeer the passions of this Court by repeatedly labeling Garmin as a "willful" infringer. *Id*., at 3:8, 5:15. As Seneca said, "appeals to emotion betray weakness". Philips has already been forced to drop three of the originally asserted patents—half of its case—because its infringement allegations were sanction-worthy. The remaining patents will suffer

the same fate. Half of the remaining work may be resolved in the '233 IPR.

At the end of the day, Garmin seeks a common-sense order: extend the case a few months (three for summary judgment motions, ten months for trial) while the PTAB finalizes the '233 IPR. An extension—an extension shorter than Philips has sought throughout this matter—makes good sense.

## II. PHILIPS' ADMISSIONS

Philips admits that the Parties have agreed to multiple extensions, both by stipulation before this Court and by mutual agreement between the Parties. Opp., at 2:25-3:1; *id*. at n.1. Philips argues that this Court reset the trial date *sua sponte* (Opp., 3:2), but it was the Parties that moved to vacate the trial date, not this Honorable Court. Dkt. No. 103.

Philips admits that the Jacobson prior art is implicated in the '233 IPR and in this case. Op., at 2:12; *id*. at 5:24. Philips' attempt to undermine the importance of Jacobson fails to persuade, as discussed below.

Philips admits that half the asserted claims in this case come from the '233 Patent. Opp., at 5:8-12.

Philips' admissions alone counsel the brief extension requested by Garmin.

## III. PHILIPS' CONSTRUCTION OF SECURITY MECHANISM IN THE IPR RENDERS ITS INFRINGEMENT CASE HERE IMPOSSIBLE

In its Motion, Garmin explained that Philips' construction of "security mechanism" in the IPR, if accepted by the PTAB, would render Philips' infringement case impossible here. *See* Motion, 5:13-6:22. Against Garmin's detailed explanation, Philips merely quips that the

security mechanism in Jacobson and the security mechanism in Garmin's accused system are "completely different". Opp., 6:17-27. Hardly an evidentiary showing.

In the '233 IPR, Philips argued that Jacobson is not prior art because the username and password have a kill switch when the wrong password is entered. Motion, at 5:21-6:13; Dkt. 120-3, at 8; Lamkin Decl. Exh. AA. That is, Philips argued that Jacobson cannot provide a security mechanism that governs information being transmitted, because no information is in fact transmitted after the kill switch is triggered. *Id*. Here, Philips argues that the same functionality (a username and password) in the Garmin system meets the "security mechanism" limitation because it completely blocks information between the watch and the application. (Martin Infringement Report, ¶¶108-122, Lamkin Decl., Exh. BB.) Philips is wrong; in the Garmin system, the username and password govern the flow of information between the application and the server, not the application and the watch, but that is of no moment here. Here, Philips cannot have it both ways, either Jacobson is prior art (killing the '233) or Jacobson is not prior art based on Philips' characterization of its "security mechanism". If so, Garmin does not infringe.[1]

Further, as noted in Garmin's Motion and ignored in Philips' Opposition, if the PTAB agrees with Philips that the "security mechanism" of the asserted claims of the '233 require multiples levels of access, none of the accused products infringe the claims of the '233 Patent. Motion, at 6:14-23.

---

[1] Garmin has other non-infringement positions, including that Garmin watches are not medical devices.

Moreover, as this Court has found previously, "even if all of the asserted claims survive review, the case would still be simplified because [Philips and Garmin] would be limited in which arguments it could raise before this Court." *SCA Hygiene Prods. Aktiebolag v. Tarzana Enters., LLC*, No. CV 17-04395-AB (JPRx), 2017 U.S. Dist. LEXIS 218330, at *12 (C.D. Cal. Sep. 27, 2017). "Even still, the Court believes it will benefit from the expert evaluation of the issues by the Patent Office." *Id*.

## IV. PHILIPS FAILS TO ADDRESS THE MEDICAL/HEALTH MONITORING OVERLAP

Philips fails to address in any meaningful way that all three remaining patents cover monitoring medical and/or health/wellness in the user. *See* Motion, at 2:7-12, Claim Construction Order, at 2, n.5, 18, 33, 40-41. Thus, this Court or jury will have to determine whether the Garmin's fitness watches are medical and/or wellness monitoring devices (they are not). (*See* Lamkin Decl., Exhs. CC-DD.) It makes no sense to make that same determination twice.

## V. PHILIPS FAILS TO EVIDENCE PREJUDICE

Devoting a mere paragraph in its Opposition, Philips claims it will be prejudiced by a short extension. Opp., at 7:11-20. But Philips fails to proffer any actual evidence of prejudice. Attorney argument is "not a meaningful evidentiary showing". *Hoist Fitness Sys. v. Tuffstuff Fitness Int'l*, No. ED CV 17-01388-AB (KKx), 2017 U.S. Dist. LEXIS 217132, at *13 (C.D. Cal. Oct. 31, 2017). Again, Philips waited at least three years to bring this action and has requested multiple extensions herein. SCA Hygiene Prods., 2017 U.S. Dist. LEXIS 218330, at

*14 ("Seeing as how SCA delayed in bringing this action in the first place, its arguments of prejudice are unpersuasive.")  Philips' claims to prejudice are hard to countenance; they certainly have not been evidenced.

## VI.   CONCLUSION

In 2020, in 79% of the cases, at least some claims of the instituted patents were invalidated by the PTAB.  In 52% of the cases, all claims of the asserted patents were invalidated. Dkt. Nos. 120-1, 120-2.  There is thus a near 80% probability that at least some of the asserted claims of the '233 patent will be invalidated and a 52% chance that all asserted claims of the'233 Patent will be invalidated on or before October 27, 2021.  That is, it more likely than not, that half of the claims in this case will be terminated in the IPR.  Philips does not dispute these facts. A brief extension of the trial schedule is warranted, rationale, and respectfully requested.

 Respectfully submitted,                                       Dated: February 8, 2021

**LAMKIN IP DEFENSE**

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin (246066)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 304
Sausalito, CA 94965
RDL@LamkinIPDefense.com
916.747.6091
*Attorney for Defendant*
*Garmin USA, Inc.*

Michelle L. Marriott (*pro hac vice*)
michelle.marriott@eriseip.com
Erise IP, P.A.

7015 College Blvd., Suite 700<br>
Overland Park, KS 66211<br>
(913) 777-5600 Telephone<br>
(913) 777-5601 Facsimile

## CERTIFICATE OF SERVICE

On this date, February 8, 2021, I did personally serve upon counsel for Philips via this Court's ECF system the following documents:

Reply ISO Motion

Lamkin Declaration & Supporting Documents

<em>/s/ Rachael D. Lamkin</em><br>
Rachael D. Lamkin (246066)<br>
LAMKIN IP DEFENSE