JS-6

STAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Philips North America LLC,<br><br>        *Plaintiff*,<br><br>  *vs.*<br><br>Garmin International, Inc. and Garmin Ltd.,<br><br>        *Defendants*. | Case No. 2:19-cv-06301-AB-KS<br><br>[PROPOSED]<br>**ORDER & FINAL PARTIAL JUDGMENT** |

Before the Court is the Joint Stipulation of Plaintiff Philips North America LLC ("Philips") and Defendants Garmin International, Inc. and Garmin Ltd. (collectively "Garmin"). In view of the stipulation, and good cause appearing, the Court hereby enters the following ORDER and PARTIAL FINAL JUDGMENT.

(1) Philips's claims regarding U.S. Patent No. 7,088,233 ("the '233 patent") are severed from the balance of this action, and remain stayed pending resolution of the appeal of the *Inter Partes* Review.

(2) Garmin's Counterclaims for invalidity of the '377 Patent are dismissed without prejudice.

(3) Under Federal Rule of Civil Procedure 54(b), the Court hereby enters PARTIAL FINAL JUDGMENT of invalidity as to the asserted claims of U.S. Patent No. 6,013,007 ("'007 Patent") in accordance with the ruling at Dkt. 102.

(4) Under Federal Rule of Civil Procedure 54(b), the Court hereby enters PARTIAL FINAL JUDGMENT of no infringement as to the asserted claims of U.S. Patent No. 8,277,377 ("the '377 patent") in accordance with the ruling at Dkt. 164.

(5) Under Federal Rule of Civil Procedure 54(b), the Court hereby enters PARTIAL FINAL JUDGMENT of invalidity as to the asserted claims of U.S. Patent No. 9,801,542 ("the '542 patent") in accordance with the ruling at Dkt. 164.

(6) A stay will be maintained on any further proceedings in this Court on the patents-in-suit until it can be ascertained whether (a) the '233 Patent claims will survive, and (b) whether there will be a remand as to any of the other Patents-in-Suit. If both eventualities occur, the Court will set a joint trial on all remaining claims. Otherwise, the Court will set a trial on whatever claims remain, if any.

(7) Any bill of costs under Federal Rule of Civil Procedure 54(d) or motion for attorney's fees under Federal Rule of Civil Procedure 54(d) shall be deferred until all currently pending appeals relating to this litigation, or appeals based on the current record in this matter, have been concluded.  If Plaintiff does not file an appeal in this litigation, any deadline for filing such motions or bill

of costs, shall be extended to 45 days after the deadline for Plaintiff to file a Notice of Appeal has lapsed. On the foregoing basis, neither party will oppose any such motion on the basis of timeliness.

(8) It is **HEREBY ORDERED** that this action is removed from the Court's active caseload until further application by the parties or Order of the Court.

(9) In order to permit the Court to monitor this action, the Court **ORDERS** the parties to file periodic status reports. The parties shall file **Joint Status Reports every 120 days** following the issuance of this Order to update the Court on the status of the case.

(10) All pending calendar dates are **VACATED** by the Court.

**IT IS SO ORDERED.**

DATED: September 2, 2022

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE